SANGER BROTHERS ET AL. v. CORSICANA NATIONAL BANK.

No. 1519.   Decided March 15, 1906.

**Writ of Error—Judgment—Appeal—Affirmance in Part.**

Property which had been conveyed by a debtor in trust for creditors was attached and sold as perishable in a suit by S. Bros., creditors who refused to accept under the deed. They had judgment for the proceeds, which were paid over to them pending an appeal by B., an adverse claimant, who did not obtain supersedeas, but secured a reversal of the judgment. The suit was then consolidated with an action between the trustee and various creditors and became, in effect, a suit between S. Bros., B., and the bank over the proceeds, which were treated as still in the registry of the court. From a judgment therein in favor of B. the bank appealed. The judgment was affirmed as to S. Bros., who did not join in the appeal; but was reversed as to the bank, which, on a later trial, obtained judgment for the fund, with subrogation to the rights obtained by B. by affirmance of his judgment against S. Bros., who were ordered to return the fund into court. In a suit by the bank to revive this judgment against S. Bros., it is held, that, if the affirmance of the judgment of B. against S. Bros. was improper (which is intimated), it became valid by their failure to sue out writ of error; that it was not void as a basis for requiring the return of the fund into court to answer the claim upon it established by the later judgment of the bank against B.; that the judgment so ordering was correct; and that the court properly decreed a revival of the judgment against S. Bros. (Pp. 568–570.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Navarro County.

For the previous history of this case see Baum v. Sanger, 49 S. W. Rep., 650; Weaver v. Goodman, 51 S. W. Rep., 860; Corsicana National Bank v. Baum, 62 S. W. Rep., 812; Baum v. Corsicana National Bank, 75 S. W. Rep., 863.

*Frost & Neblett* and *Coke & Coke,* for plaintiffs in error.—Properly construed the judgment of December 8, 1899, so far as Sanger Bros. are concerned, is not a personal judgment against them for $2,335, with execution to enforce payment, but at most a judgment adjudging that I. Baum recover the fund in court derived from the sale of the Cahn stock, as against Sanger Bros., and at most the only effect said judgment has as to Sanger Bros. is to eliminate them from the controversy as claimants of said fund. Freeman on Judgments, sec. 45; Black on Judgments, sec. 123; Clay v. Hildebrand, 9 Pac. Rep., 466, 470.

If the judgment of December 8, 1899, can in any event be construed as a personal judgment in Baum's favor against Sanger Bros. for $2,335, with execution, then that judgment is based solely upon Baum's right to the fund, meant to secure him in its ultimate payment, and conditioned, of course, upon his ultimately maintaining his right thereto. 2 Black on Judgments, secs. 953-955; 2 Freeman on Judgments, secs. 427-8.

Such judgment as Baum has against Sanger Bros. is based upon an alleged landlord's lien. This lien, at appellee's suit, was subsequently adjudged fraudulent and fictitious. Nevertheless, appellee claims, as assignee of said judgment, the right to enforce the same. It is clearly estopped from doing this.

The judgment of May 14, 1902, is void because the suit in which it was rendered was either for damages or for the fund in the court; if the former, it is void because Sanger Bros. were not before the court; if the latter, it is void because the fund was not before the court.

There has never been any determination as between the Corsicana National Bank and Sanger Bros. that the former was entitled to damages, or the fund in court, as against the latter. On the contrary, the judgment of December 8, 1899, which was affirmed except as between the bank and Baum, adjudges that the bank take nothing by its intervention as against Sanger Bros., and that as to the bank's suit they go hence without day and recover their costs.

The judgment of May 14, 1902, is void so far as it attempts to transfer Baum's judgment to the Corsicana National Bank, because no such issue was raised by the pleadings, tried, or found by the jury. Towne's Texas Pleading, 23, 24; Ablowich v. Greenville Nat. Bank, 95 Texas, 429; Black on Judgments, sec. 184.

*Richard Mays,* for defendant in error, the Corsicana National Bank.— Baum having recovered against Sanger Bros., for the value of the goods levied on by them, the court had the power to frame its judgment so as to give all the relief to which Baum was entitled under the facts proved, whereby he could obtain the benefits of his recovery. Sayles Stat., arts. 1106, 1335; Voigtlander v. Brotze, 59 Texas, 286; Wagner v. Westchester Fire Insurance Co., 92 Texas, 549; Hardy v. DeLeon, 5 Texas, 245; Hipp v. Huchett, 4 Texas, 23; Trammell v. Watson, 25 Texas Supp., 211; Towne's Plead., 20.

The proceeds of the goods being in possession of Sanger Bros. at the date of judgment, by virtue of a decree which was reversed and set aside, the trial court still retained jurisdiction of the fund, it being

in custodia legis, and had the power to render judgment therefor in Baum's favor.    Northwestern Fuel Co. v. Brock, 139 U. S., 216; Hamilton v. Holden, 19 Law Rep. Ann., 161; Cleveland v. Tufts, 69 Texas, 583; 17 Am. & Eng. Ency. of Law (2d ed.), 1065.

The judgment of December 8, 1899, in favor of Baum against Sanger Bros., having been affirmed, is a final and conclusive adjudication against any right or interest claimed by Sanger Bros. in the subject-matter of the litigation, and they can not now defend against the enforcement of said judgment upon any ground of defense which existed prior to its date, nor which could have been raised in motion for new trial and prosecuted on appeal.    Taylor v. Harris, 21 Texas, 439; Baxter v. Dear, 24 Texas, 22; Bridges v. Samuelson, 73 Texas, 522; Bullock v. Ballew, 9 Texas, 499; Nichols v. Dribrell, 61 Texas, 539; Murphy v. Wallace, 3 White & W., sec. 432; Thompson v. Lester, 75 Texas, 521.

The judgment of ·May 14, 1902, is a valid adjudication in favor of appellee against Baum for the recovery of the value of the goods converted by Sanger Bros.    Sanger Bros. had no interest in the litigation, and it was not necessary that they should have been parties.    Appellant is in no position to complain.    Baum v. Corsicana National Bank, 75 S. W. Rep., 863; Baxter v. Dear, 24 Texas, 23; Nichols v. Dibrell, 61 Texas, 539.

*W. W. Ballew,* for I. Baum.—The District Court of Navarro County, Texas, had no power to render the judgment that was rendered by it on May 14, 1902, in the case of the Corsicana National Bank v. I. Baum, insofar as said judgment attempted to divest I. Baum of his judgment against Sanger Bros. and to transfer said judgment to the Corsicana National Bank, and said judgment is therefore void, and can not form the basis of the cause of action asserted by the Corsicana National Bank in this suit.    Towne's Texas Pleadings, pages 23 and 24; Ablowich v. Greenville National Bank, 95 Texas, 429; 1 Black on Judgments, sec. 184; United States v. Walker, 109 U. S., 258; Bigelow v. Forrest, 9 Wall., 339; Ex ·parte Lange, 18 ·Wall., 163; Windsor v. McVeigh, 93 U. S., 274; Ex parte Neilsen, 131 U. S., 176; Ex parte Cuddy, 131 U. S., 280; Lewis v. Allred, 57 Ala., 628; Stuart v. Anderson, 8 S. W. Rep., 295; 12 Am. and Eng. Ency. Law., 237, and cases cited in note.


GAINES, CHIEF JUSTICE.—This action was brought by the Corsicana National Bank against Sanger Bros. and I. Baum, to revive a judgment. The revival was sought by a ·petition and not by a scire facias.    The plaintiff recovered a judgment from which the Sanger Bros. appealed to the Court of Civil Appeals, making the bank and Baum obligees in their appeal bond.    The judgment was by that court in all things affirmed.    Sanger Bros. have šued out a writ of error to this court.

The present action was the result of a long protracted and complicated litigation.

For a proper understanding of the points involved, it is necessary to state the facts which gave rise to the original controversy and to detail some of the various incidents which occurred in the progress of

the litigation. We shall endeavor to do this with as much brevity as is consistent with a proper understanding of the questions here presented.

A. Cahn and N. Cahn were partners, conducting a mercantile business under the firm name of "N. Cahn." Being largely indebted, on the 24th day of October, 1896, they executed to one Goodman, as trustee, a deed of trust, conveying to him a stock of merchandise in their storehouse in the city of Corsicana. In the instrument I. Baum was preferred for the sum of $2,600, alleged to be due for rent. Among others, the Corsicana National Bank (the defendant in error) and Sanger Bros. (plaintiffs in error), were also preferred. The bank accepted under the deed of trust, but Sanger Bros. declined to accept, brought suit against the mortgagors for $7,000, and sued out a writ of attachment and caused it to be levied upon the mortgaged property. Thereupon, Baum, also declining to accept, procured a distress warrant, and, having levied it upon the same property, intervened in the attachment suit of Sanger Bros. against the Cahns, asserting his right to a prior lien upon the goods attached. Sanger Bros. contested the claim of Baum, alleging that the indebtedness asserted by him was fictitious.

At the instance of Sanger Bros. the goods levied upon by virtue of his attachment were sold by order of the court as perishable property, and the proceeds, which amounted to the sum of $2,335, were paid into the registry of the court.

On July 9, 1897, Goodman, the trustee in the chattel mortgage, brought suit against the sheriff who seized the goods by virtue of Sanger Bros.' writ of attachment, and the defendant thereupon impleaded Sanger Bros. and the sureties on an indemnity bond executed by them to him.

The case of Sanger Bros. against the Cahns, Baum intervenor, was tried, and in October, 1897, resulted in a judgment in favor of the plaintiffs. Baum appealed but did not give a supersedeas bond; and on December 8, 1897, Sanger Bros., as was their right, received from the clerk the funds in the registry of the court, the same being less than the amount recovered by them against the Cahns. Upon Baum's appeal to the Court of Civil Appeals, the judgment was reversed and the cause remanded.

In March, 1898, the suit of Goodman, trustee, against Weaver, the sheriff and others, for conversion of the goods, was tried and resulted in a judgment in favor of the plaintiff for the sum of $2,335, the value of the goods as established by the verdict of the jury. On appeal by Sanger Bros., this judgment was also reversed and the cause remanded. After this remand the three suits were, on motion of Sanger Bros., consolidated.

As to the issues and subsequent proceedings in the consolidated suit we copy the following statement from the brief of plaintiffs in error which was filed in the Court of Civil Appeals: "After aforesaid consolidation the Corsicana National Bank was permitted to intervene, upon alleging that a difference had arisen between it and the trustee, Goodman, and that the latter would not protect its right. Intervener alleged that it was secured under said deed of trust to Goodman in a debt amounting to $3,150, due it by Cahn; that it had accepted the deed of

trust believing all the debts therein to be valid; that it had since ascertained that the debt of Baum was fictitious and fraudulent, and the result of a conspiracy between Baum and Cahn to rob the creditors of the latter. The plea further stated that all debts ahead of intervener had been disposed of, and that it was practically the sole beneficiary under said deed. The taking of the goods by Sanger Bros. under aforesaid attachment was recited, and judgment was prayed for against Cahn for the debt, and that the proceeds of any judgment recovered by Goodman against Weaver or Sanger Bros., be applied as a credit thereon. The consolidated cause came on for trial December 8, 1899, the active contestants being (1) Sanger Bros.; (2) Baum, who had abandoned all claim for damages in excess of the fund; (3) Corsicana National Bank. Sanger Bros. and the bank attacked Baum's claim as fraudulent and fictitious, and Sanger Bros. attacked the bank's claim as being fraudulent. Both of these issues of fraud were submitted by the court to the jury in its charge. A verdict was returned by the jury finding Baum's claim valid, and for a foreclosure of the same on the fund in court derived from the sale of the stock sold under Sanger Bros.' attachment, which fund was found to be the full value of the goods. . . . The above trial proceeded upon the assumption that the fund derived from the sale of the Cahn stock was still in the registry of the court, and the judgment was drawn upon this theory. As a fact, the fund was not in court, the same, less costs, having been paid to Sanger Bros. as before stated, exactly two years previously. None of the parties seem to have known that the fund was not in court, except, of course, the attorneys for Sanger Bros., who withdrew it. If any of the other parties did know it, they seem to have treated it as of no consequence. The Corsicana National Bank alone appealed from this judgment."

Upon the appeal, the appellant suggested in its brief that, since none of the other parties to the judgment had appealed, the judgment should be affirmed as to them, although it should succeed in procuring a reversal as to Baum. The Court of Civil Appeals concurred in this suggestion, and, finding ground for the reversal as to Baum, reversed the judgment as to him and remanded the case as between him and the bank, but affirmed it as to all other parties.

After the case had been remanded, a trial came on between the bank and Baum, in May, 1902, and the cause having been submitted to a jury, the following verdict was returned into court: "We, the jury, find that the debt due by Cahn to the Corsicana National Bank is $4,042.60, and we find for the bank against Cahn for that sum, and that it was secured by a valid mortgage lien. We further find in favor of said bank against I. Baum, that the bank's lien is superior to that of Baum. We further find that the bank is entitled to the proceeds of the stock of goods now in court." Thereupon, a judgment was entered, adjudging that the Corsicana National Bank was entitled to the proceeds of the stock of goods which had been levied upon by virtue of the writ of attachment and had been sold by order of the court; and, in effect, that since Baum on the former trial had recovered a judgment for such proceeds against Sanger Bros., the bank be subrogated to the rights of Baum under that judgment, and that it should have process in the

name of Baum for its use for the enforcement of the previous judgment. It was further ordered that Sanger Bros., if they had not already restored the fund to the registry of the court, should immediately replace it with interest thereon. Upon appeal by Baum this judgment was affirmed by the Court of Civil Appeals, and it is the judgment which is made the foundation of the present action.

. It is apparent from this history of the litigation, that when the consolidated case was first tried, the controversy had dwindled to a question of the ownership of the proceeds of the goods, which had been placed in the registry of the court. Two juries had determined that they were worth no more than the sum for which they were sold. Baum, if his lien had been valid, was entitled at his election to follow the fund which resulted from the sale or to claim damages for the seizure of the goods. Such also was the right of the bank. The judgment rendered on that trial shows that the case was tried upon that theory; and the opinion and judgment of the Court of Civil Appeals also show that that court proceeded upon the same hypothesis. The effect of the judgment then appealed from was to determine that Sanger Bros. were not entitled to the fund, and that Baum was entitled to it. So when the Court of Civil Appeals arrived at the conclusion that there was error in the judgment as between the bank and Baum, and that there was none as to the other parties to the appeal, they reversed the judgment as to the bank and Baum and affirmed as to the others. The effect was to send the case back for a new trial with the issues limited to the inquiry whether the bank or Baum was entitled to the proceeds of the sale. To state the matter in another way, it in effect affirmed a judgment against Sanger Bros. for the proceeds of the goods, and left the issue open as to whether the bank or Baum was entitled to the benefit of that judgment. We have our doubts as to the propriety of the disposition of the case as made by the Court of Civil Appeals; but that is a matter which does not concern us here. If the judgment was voidable for error, no writ of error having been sued out, it has become valid to all intents and purposes.

That the trial court upon the remand of the case construed the judgment of the Court of Civil Appeals as we have construed it is apparent, for its judgment is strictly in accordance with that construction.

The judgment upon which this suit was brought not being void, it was not error for the court to give it effect in this case.

Other assignments of error have been considered but we think they were properly overruled by the Court of Civil Appeals.

The judgments of the District Court and of the Court of Civil Appeals are therefore affirmed.

*Affirmed.*