C. C. WILLIAMS v. DETROIT OIL & COTTON COMPANY ET AL.

Decided November 5, 1908.

**False Representations—Measure of Damages—Accident Insurance.**

An employer, representing that he was carrying accident insurance for the benefit of his employes in case of their injury, retained twenty cents per week from their wages in payment therefor. One of them, being injured, and finding that the employer had taken out no insurance except a policy indemnifying himself against damage suits by his servants, sued to recover damages from such false representations. Held:

(1)   That the measure of damages was not what plaintiff would have been entitled to receive from an accident insurance policy, had one been taken out.

(2)   He was entitled only to such damages as would place him in statu quo, a recovery of what he had lost.

(3)   He could recover no more than the sums kept out of his wages, at least in the absence of allegation that the deceit had prevented him from himself taking out a policy.

(4)   If entitled to recover for value of the insurance which the master had promised to carry, no recovery could be had where the undertaking was wholly indefinite as to the amount and terms of the policy undertaken to be secured, and where there was no allegation or proof as to the amount of insurance the sums deducted from his wages would suffice to carry.

(5)   And having brought his action for no actual damages which he was legally entitled to recover, no claim for exemplary damages for the fraud could be submitted to the jury.

Appeal from the District Court of Red River County.   Tried below before Hon. Ben H. Denton.

*Dudley & Dudley, E. S. Chambers* and *C. M. Chambers,* for appellant.—The defendants having falsely and fraudulently represented to plaintiff that they had taken out an insurance or accident policy for the benefit of any of the hands that might get injured while at work in defendants' oil mill, and having retained out of the weekly wages of said hands money to pay for said policy, they must make good such representations as though they had given a warranty to that effect.   Mitchell v. Zimmerman, 4 Texas, 372; Wintz v. Morrison, 17 Texas, 372; Blythe v. Speak, 23 Texas, 429; Mills v. Johnson, 3 Texas Civ. App., 359; Grabenheimer v. Blum, 63 Texas, 374; Sharon v. Mosher, 17 Barb. (N. Y.), 518; 5 Amer. & Eng. Ency. of Law (1st ed.), title, Deceit, 345, 346, and authorities in note 4; 3 Sutherland on Damages, 589.   As to what constitutes the loss of a hand, see Sheanon v. Pacific Mutual Ins. Co., 77 Wis., 618; On exemplary damages, see Connor v. Sewell, 90 Texas, 275; 3 Sutherland on Damages, 598.

*Lennox & Lennox,* for appellees.—If any fraud or deceit were ever in fact perpetrated upon the appellant by the appellees, he was only entitled to recover the amounts thus obtained by them from him by reason thereof, and the court did not, therefore, err in so instructing the jury, because, having admitted that he was not prevented from procuring insurance on account of said representation, the wages thus obtained were the natural and proximate result of such fraud and deceit and commensurate with the injury sustained.   Baker v. Ash, 80 Texas, 359; Smith v. Bolles, 132 U. S. (Law. ed.), 281; Rockefeller v. Merritt, 35 L. R. A., 637, 639; 3 Sutherland on Damages, secs. 1168, 1171, 1175.

It being shown by the uncontradicted evidence that appellant's injuries to his hand were occasioned by coming in contact with the saws of a revolving gin, which unfortunate accident was neither the direct nor remote result of any fraud or deceit on the part of the appellees, or either of them, and there being absolutely no evidence to show that the representations of Dean prevented him from procuring accident insurance to cover the loss thus sustained, the court did not err in limiting his right to recover to the wages so retained, and in refusing to give the two special charges requested or anything similar thereto.   Jones Lum-

ber Co. v. Villegas, 8 Texas Civ. App., 669; Moore v. Cross, 87 Texas, 561; Bremond v. McLean, 45 Texas, 17; Bigelow on Frauds, 540-542.

There was no such meeting of the minds of the contracting parties upon anything sufficiently definite and certain to create a valid and binding contract of or for insurance, and, therefore, there was no basis for specific performance, or to require the appellees to make good such representation, as though they had given a warranty to that effect. Zanderson v. Sullivan, 91 Texas, 500, 503; Piedmont & A. Life Ins. Co. v. Ewing, 92 U. S. (Law ed.), 612; Clark v. Insurance Co., 35 L. R. A., 277, 279; May on Insurance, 46, 48, 74, 75, 83.

HODGES, ASSOCIATE JUSTICE.—The Detroit Oil & Cotton Company, one of the appellees herein, is a private corporation located at Detroit, and is engaged in the business of ginning cotton and crushing cotton seed. The appellee Geo. B. Dean is now, and was at the time of the transactions hereinafter detailed, the agent and general manager of the oil mill company. The appellant, Williams, was employed as a linter, whose duty it was to work at night in and around the gins operated by the oil mill. On the 23d day of December, 1903, the appellant was injured by having his hand caught in the saws of one of the gin stands, resulting in the loss of the thumb and two fingers. After the accident Williams instituted a suit in the District Court of Red River County against the oil mill, in which he sought to recover damages for his injuries. At or about the same time he instituted this suit against both of the appellees, asking for damages against them "for false and fraudulent representation and deceit," which, he alleges, "was made and practiced by the appellees by which they represented and stated to him that they had taken out, or would take out, an insurance or accident policy in the name of and for the benefit of the employes of the Detroit Oil & Cotton Company on the life and limbs of all the employes of said Oil & Cotton Company at work in its said oil plant and mill." The petition alleges that the appellees represented to its employes that if each of them, including the appellant, would pay out, or have deducted from his weekly wages due him from the company, the sum of twenty cents per week, which amount should be paid by the appellees as a premium on said insurance or accident policy, they would carry an accident or insurance policy for the protection of the employes against injuries such as might thereafter result while they were at work in and about the oil mill. It is also alleged that the appellant believed those representations to be true, and permitted twenty cents per week to be deducted from his wages. The petition described the accident and its results, and says that after the injury the appellant, for the first time, discovered that the representations made to the effect that the appellees were carrying a policy of insurance for his benefit were false, and that they had not taken out, or carried, or paid for, any kind of insurance whatever for the benefit of the appellant or any of the other employes, but that they had used the money so retained out of the wages of the mill employes for the purpose of taking out an indemnity policy in favor of and payable to the Detroit Oil & Cotton Company, by which it was indemnified to the amount of $10,000 in case it had to pay a judgment rendered against it for the negligent killing of any one or more of its em-

ployes, and for the amount of $5,000 in case it had to pay a judgment rendered against it for injuries to any one or more of its employes not resulting in death. The concluding portion of the petition material to be considered in this connection is as follows: "That your petitioner was the first and only employe of defendant corporation to be injured while at work in its said mill or plant, and that if defendants had expended the money retained from your petitioner and the other employes of the defendant corporation for an insurance or accident policy for the benefit of petitioner and other employes, and carried out their representations and promises in good faith, your petitioner would have received on said insurance or accident policy on account of and for his said injuries the sum of three thousand dollars. Your petitioner alleges that, by reason of the deceit and fraud of the defendant as hereinbefore alleged, he has suffered damages not in common with the other employes of the defendant, but to himself individually, in the amount of three thousand dollars actual damages. Your petitioner further alleges that said representations and promises of defendant were knowingly made, the defendants knowing the same to be false, and the money so retained by defendant corporation out of the wages of the petitioner and the other employes of the defendant corporation was done for the purpose of oppressing your petitioner and the other said employes, the defendants and each of them then and there knowing that they were carrying no insurance or indemnity for the protection of your petitioner and the other said employes." There was also a prayer for exemplary damages in the sum of $5,000. After the conclusion of the testimony and argument the court instructed the jury that if they found in favor of the appellant they would assess his damage at such a sum as the evidence showed had been retained out of his weekly wages by the appellees, defendants below. A verdict was accordingly returned for the sum of $1.80. From the judgment entered thereon the appellant, Williams, has appealed to the court.

The assignments of error attack the charge of the court in restricting the latitude of the jury in assessing the damages to what had been retained out of his wages, claiming that the defendant below, having falsely and fraudulently represented to the appellant that they had taken out an accident policy for the benefit of him and the other employes, and having retained out of their weekly wages money to pay the premiums on said policy, should be required to make their representations good, as though they had given a warranty to that effect. It is also contended that the court should have permitted the jury to find exemplary damages in the event they should find in favor of the appellant on the issue of actual damages.

In the investigation of this case we must regard the testimony from the standpoint most favorable to the appellant, inasmuch as the charge of the court was tantamount to a peremptory instruction that no other damages could be found under the evidence except that which was awarded.

As to the representations made by Dean, the appellant testified as follows: "Mr. Dean said I have got you boys insured, so that if you get hurt you will get something out of it. . . . I had you insured last year, but did not make you pay for it, but I find that other mills are

making their men pay for it, and I thought I would do just like they did. He just kept the money out of my wages. He, Dean, said he had taken out insurance, but I did not see the policy till after I was hurt. By 'you boys' he meant the hands working at the mill. He said he wanted each of us to pay twenty cents a week out of. our wages as our pro rata toward paying the premiums on said insurance. I replied that I was one of the boys, and paid it." On further examination the appellant said: "All Mr. Dean said to me was: 'I have got you boys insured. I had you all insured last year but I didn't say anything to you about it; but I find other mills are making their men pay, and I thought I would do just like they did.' I says, 'I don't know that I will get hurt, but I am one of the boys, and I am willing to throw in and help pay for whoever does get hurt.' . . . He said nothing about the date of the policy, nor the amount, nor how long it would run, nor the name of the company in which it had been taken out, nor in whose name it was issued, nor the amount that each employe would receive in case of an accident and he was injured, nor any of the terms and conditions thereof, nor the amount of the premium to be paid, except twenty cents per week, which I contributed, but did not state how long such payments should continue. He did not tell me when he had taken out such insurance. I did not ask him to show me the policy at any time prior to the accident. I simply went along and paid the twenty cents a week until the close of the week of the accident without asking him anything about the character of the policy he was carrying or anything about it. . . . He did not say anything about how much I would get out of it in case of an accident, and I do not know how much twenty cents will buy in accident insurance. I can not say that the statements of Mr. Dean to me prevented me from taking out and carrying accident insurance. I had thought about getting an accident policy, and might have taken out one if an opportunity had offered in the right kind of a company. I had made no effort up to that time to secure such insurance, and no one offered to sell me such insurance prior to the accident." The testimony shows that the appellant and some of the other mill employes did pay twenty cents per week in the manner as testified. It further shows that a policy of insurance was taken out by the oil mill company for its own benefit substantially as set forth in the appellant's petition. The accuracy of the appellant's statement as to what was said by Dean in the conversation alluded to is denied by Dean, but, as before stated, in disposing of the assignments of error in the present state of the record, we must regard appellant's testimony as being of sufficient weight to authorize a jury in finding it to be true. The action of the court can be justified only upon the hypothesis that it was immaterial whether Dean made or did not make the false and fraudulent representations with which the petition charges him concerning the taking out of the accident policy.

The pivotal question is, what constitutes the true measure of actual damages under this state of facts? Counsel for appellant insists that Williams is entitled to that which he would have gotten had the representations of Dean, as. testified by the appellant, been true—protection against accidental injuries, such as is afforded by companies transacting that sort of business. In other words, they say appellant was en-

titled to recover the value of that which he had been promised and which he expected, and legitimately expected, to get.   There are decisions which support that view of the law in action for fraud and deceit; but the greater weight of authority, and especially in this State, seems to support a contrary view.   George v. Hesse, 100 Texas, 44; Greenwood v. Pierce, 58 Texas, 133; Smith v. Bolles, 132 U. S., 125; Sigafus v. Porter, 179 U. S., 116; Rockfeller v. Merritt, 76 Fed., 909, 35 L. R. A., 633; McKindley v. Drew, 37 Atl., 285.   In the case of George v. Hesse, supra, our Supreme Court was called upon to answer a certified question and to settle a discrepancy which had arisen between some of the Courts of Civil Appeals of this State and the case above cited regarding the proper measure in action for damages occasioned by fraud and deceit.   After reviewing the cases out of which the differences arose, the court adopts the rule that a party seeking redress for fraud is entitled only to be placed in statu quo to recover that which he had lost.   In Sigafus v. Porter, supra, the court used this language: "The true measure of the damages suffered by one who is fraudulently induced to make a contract of sale, purchase or exchange of property, is the difference between the actual value of that which he parts with and the actual value of that which he receives under the contract.   It is the loss which he has sustained, and not the profit which he might have made by the transaction.   It excludes all speculation, and is limited to compensation.'"   Assuming that the representations of Dean were false, and were fraudulently made for the purpose of deceiving the appellant, what did the appellant lose by relying and acting upon them?   Evidently the money which had been retained out of his weekly wages.   Did he lose more?   Did he lose the benefits of an accident insurance policy as well?   Not unless Dean's representations prevented him from securing one.   His own testimony negatives that inference, for he says that he could not say that he would have taken out a policy himself if Dean had not made the representations he did.   Hence we must conclude that Dean's fraud, if any, did not deprive him of any contemplated protection against accidental injuries.   If it did not, then appellant did not lose that protection on account of what Dean said to him, and therefore has no right to recover the value of such protection in this suit.

But even if the rule is as contended for by appellant, that the appellees should be required to make their promise good, as though they had given warranty to that effect, it is difficult to see how, in this case, damages could be awarded with any degree of accuracy.   To the inquiry, what protection did the appellees represent as having been provided? the evidence furnishes no answer.   If the jury had been called upon to assess the value of the protection promised, or alleged to have been given, the court could have given no rule for their guidance.   The appellant himself stated that nothing was said about what kind of a policy Dean said he was carrying, what its date or duration, or the benefits specified, or what company it was in.   Neither was there any testimony offered as to what amount of protection a premium of twenty cents per week would procure for one employed as was the appellant.   C. W. Walker, a witness for the appellant, testified that there was no standard form in accident policies used by the companies doing business in this State.   The testimony of this witness, and also of another offered by the

appellees, justifies the conclusion that each company had its own form, schedule of rates and classification of benefits to be paid. If the representations made by Dean embodied a promise or an assurance of something done so indefinite that it could not be capable of being enforced, it is too indefinite to furnish the basis for recovery of damages in a suit like the present. Zanderson v. Sullivan, 91 Texas, 500.

It is also urged by the appellant that the jury should have been allowed to return the verdict for exemplary damages in the event they found in his favor. As stated by appellant's counsel in his brief, this is not an action to recover back what the appellant had permitted appellees to retain out of his wages while under the impression that they were carrying insurance for his benefit. But, as the petition avers, it is to recover damages for deceit, which is charged to be commensurate with the value of the protection appellant should have had and which he placed at $3,000. Clearly the appellant would not be entitled to recover the value of such insurance and also the premiums he had paid for it. If he sues for the return of the premiums he is not entitled to the insurance, or if he sues for the value of the insurance he is not entitled in that action to recover the premiums unless he should do so by an alternative pleading. Whittier v. Collins, 23 Atl., 47; Bank v. Taylor, 29 Atl., 1012. Inasmuch as this is not an action to recover the value of the premiums paid, no judgment for that value could legally have been rendered. The case is therefore before us in the attitude of one in which there had been no recovery of actual damages, and for that reason there can be no exemplary damages allowed. There seems to be no well-defined rule for determining when exemplary damages should be permitted in suits of this character. We are inclined to the opinion that this should not be done except in those cases where the misrepresentation has been attended by malicious or oppressive conduct, or the abuse of the relation of the trust or confidence, and followed by special damages apart from the mere loss of the money or property forming the subject matter of the fraud. Neill v. Newton, 24 Texas, 202; Shaw v. Brown, 41 Texas, 446; Hoffman v. Gill, 77 S. W., 146.

The judgment is affirmed.

*Affirmed.*

Writ of error granted by Supreme Court December 22, 1909.

*Affirmed.*