C. C. WILLIAMS V. DETROIT OIL & COTTON COMPANY ET AL.

No. 1992. Decided December 22, 1909.

**1.—Charge—Omission—Exemplary Damages.**

Failure to submit to the jury the question of the right of plaintiff to recover exemplary damages, the pleading and proof supporting such issue, is matter of omission, not of misdirection, and is not ground for reversal where no charge submitting such issue was requested. (P. 77).

**2.—Master and Servant—Accident Insurance—Fraud—Damages.**

An employer of labor deducted from the wages of employees certain sums which it represented to them as applied to procuring accident insurance for their protection. The policy procured by it was only for its own protection against actions for damages by its injured employees. Plaintiff, who received a personal injury by accident while in the service of such employer, the defendant, sued for damages caused by such fraudulent misrepresentation. Held that the damages recoverable would not include the indemnity for the physical injury suffered or the time lost from employment thereby, in the absence of proof as to the amount of such indemnity which could have been recovered upon a policy so protecting plaintiff and procurable for the amount retained from his wages. The terms of the policy actually procured, protecting the employer only, threw no light on that question. Without such proof there was no basis for a recovery of damages beyond the amount withheld from plaintiff's wages. (Pp. 77–79).

Error to the Court of Civil Appeals for the Sixth District in an appeal from Red River County.

Williams brought the suit against the Detroit Oil & Cotton Company, and appealed from a judgment in his own favor, but for the sum of $1.80 only. On its affirmance he obtained writ of error.

*Dudley & Dudley, E. S. Chambers* and *C. M. Chambers,* for appellant.—The measure of plaintiff's actual damages is what he would

have received under an accident policy for the amount of the indemnity policy taken out by appellees, for which the wages of all the employees were to be expended, had the representations been true. Carson v. Houssels, 51 S. W., 292; Farmer v. Randel, 28 S. W., 384; 2d Sedg. Dam., sec. 762; Mitchell v. Zimmerman, 4 Texas, 372; Wintz v. Morrison, 17 Texas, 372; Blythe v. Speak, 23 Texas 429; Mills v. Johnson, 3 Texas Civ. App., 359; Grabenheimer v. Blum, 63 Texas, 374; Sharon v. Mosher, 17 Barb. (N. Y.), 518; 5 Amer. & Eng. Ency. of Law (1st ed.), Title Deceit, 345, 346, and authorities in note 4; 3 Sutherland on Damages, 589.

On exemplary damages see, Connor v. Sewell, 90 Texas, 275; 3 Sutherland on Damages, 598.

*Lennox & Lennox,* for appellees.—If any fraud or deceit were ever in fact perpetrated upon the appellant by the appellees, he was only entitled to recover the amounts thus obtained by them from him by reason thereof. Baker v. Ash, 80 Texas, 359; Smith v. Bolles, 132 U. S., 281; Rockefeller v. Merritt, 35 L. R. A., 637, 639; 3 Sutherland on Damages, secs. 1168, 1171, 1175.

The court did not err in limiting his right to recover to the wages so retained and in refusing to give the two special charges requested or anything similar thereto. Jones Lumber Co. v. Villegas, 28 S. W., 561; Moore v. Cross, 87 Texas, 561; Bremond v. McLean, 45 Texas, 17; Biglow on Frauds, 540-542.

There was no such meeting of the minds of the contracting parties upon anything sufficiently definite and certain to create a valid and binding contract of or for insurance, and therefore, there was no basis for specific performance, or to require the appellees to make good such representation as though they had given a warranty to that effect. Zanderson v. Sullivan, 91 Texas, 500-503; Piedmont & A. Life Ins. Co. v. Ewing, 92 U. S.. 612; Clark v. Ins. Co., 35 L. R. A., 277, 279; May on Insurance, pp. 46, 48, 74, 75, 83.

Mr. Justice Williams delivered the opinion of the court.

This action was brought against the Company and against Dean, its president, to recover actual and exemplary damages for a deceit alleged to have been practiced upon plaintiff by Dean acting for and in behalf of the company. It was alleged that plaintiff and a number of others were in the employment of the company, receiving weekly wages for their services; that Dean, as representative of the company, represented to plaintiff that it had or wanted to take out "an insurance or accident policy in the name and for the benefit of the employes of the defendant company on the lives and limbs of all the employes of the defendant corporation" at work in the oil mill, and that each employe must pay out of his weekly wages twenty cents to be paid by defendant as premium on said insurance or accident policy, and thereby create a fund and carry insurance for the protection or benefit of any employe who might thereafter be hurt while at work in and about defendant's plant and that defendant represented to all the employes and to plaintiff that if they or he would allow said sum to be deducted weekly from wages due, that the em-

ploye or employes thereafter injured, while so at work, would receive on said accident or insurance policy a sum of money in payment of and commensurate with his injuries." This is the substance of the representation by which the deceit for which damages are claimed is alleged to have been practiced The plaintiff's hand was injured, and it was then found that the defendants had not taken out any insurance for the benefit of the employes but had taken out indemnity insurance in behalf of the company against loss from legal liability to employes injured in such work. There was a conflict in the evidence as to the making of the representations alleged, that for plaintiff being sufficient, in the opinion of the trial court, to justify the submission of that question to the jury. After submitting that issue, the charge instructed: "If, under the evidence and instructions given you, you should find a verdict for plaintiff, then I instruct you that he would be entitled to recover such amount as he paid weekly for wages."

There are three assignments of error, the first based upon this part of the general charge and the other two upon the refusal of as many requested instructions. Two objections are urged to the general charge under the first assignment; (1) that it should have allowed the recovery of all actual damages sustained by plaintiff as the proximate result of the deception practiced, and (2) that it should have submitted the issue of plaintiff's right to exemplary damages. The last contention is met by the fact that no request was made to submit the issue of exemplary damages. If a charge upon that subject had been requested, the court could and perhaps would have given it consistently with its main charge. The failure to submit it was only an omission of which advantage could only be taken by such a request. It is far from clear that this is not also an answer to the other objection to the main charge. It instructs that plaintiff would be entitled to recover the damage stated, but does not instruct that he could recover no other. A special charge submitting other elements of damage would have supplied any omission if there was any. As this charge, however, stated affirmatively the measure of plaintiff's actual damage, it might be said that it excluded any other basis of recovery. Whether or not this is correct is not important in this case as plaintiff's only contentions as to other actual damages are embraced in the two special charges. They are as follows:

(1) "If you find for the plaintiff, and you further find, that his injuries resulted in the loss of his right hand, rendering it useless as a hand, you will assess his damages at such sum of money as the evidence shows you he would have been entitled to under an accident policy of $5000 for the loss of one hand, to wit, the sum of $1250, but if you should find from the evidence plaintiff's right hand was not a total loss but only partial loss resulting in the removal of his thumb and two fingers then you will find for the plaintiff such sum of money as the evidence shows you he would be entitled to under an accident policy of $5000 for the removal or amputation of one thumb and two fingers, and in estimating such damages, if any, you will consider any loss of time during the period he was disabled, if any, and weekly indemnity for such time as he was disabled, if any,

and such other sums of money as the evidence shows you he would be entitled to for the removal by amputation of a thumb and two fingers, under an accident policy for the amount of $5000."

(2) "Gentlemen of the jury I charge you that in considering damages of plaintiff, if any, you can take into consideration loss of time, if any, weekly indemnity and any and all sums of money spent by him, if any, by reason of said injuries."

The evidence to which these charges were directed showed that the defendant took out a policy for $10,000 to indemnify itself against loss from legal liability for injury sustained by any of its employes, the liability of the insurance company being restricted to $5,000 for the death of, or injury to, any one employe. There was also evidence from insurance agents as to the different kinds of policies of insurance against accidents that are issued by insurance companies, of which there is a great variety, and also as to the premiums charged, but all of this related to policies issued to particular individuals against accidents to them. It was stated by all witnesses testifying on the subject that no company known to them issued any such policy as that which it was alleged defendant promised to procure for its employes, that is, a policy so .insuring all employes as that any one of them, when he suffered an accident, could obtain the benefit thereof; and, hence, there is no evidence as to the character, cost or amount of such insurance. There is therefore no warrant for the first requested charge requiring the jury to find an amount specified as the damages sustained by plaintiff. No evidence in the case would support an inference that, if the promise or representation had been fulfilled, plaintiff would have received as pay for his injury that which this charge sought to have the jury instructed to allow. The second special instruction refers to evidence that some of the companies issuing accident policies paid weekly benefits to the assured when hurt as plaintiff was; but this evidence does not relate to any such insurance as that which plaintiff claims he was to get. Time lost would be a proper element to take into consideration if the question of defendant's liability for damages for the injury to plaintiff were being tried. But that is not what plaintiff sued for. His claim is not that defendant is bound to compensate him for having injured him, but that it induced him to pay out his money by representing that it had provided such insurance for its employes as would entitle him, when injured, to receive from the insurance company a sum which it would stipulate to pay, upon the happening of such an event, and that sum is what he claims to have lost. Neither the policy taken out by the defendant company nor the accident policies to which some of the evidence relates furnish any fair basis upon which to found a conclusion as to what plaintiff would have gotten had such insurance as the promise or representation referred to been obtained. The first is not an insurance against accidents at all, but provides an indemnity to the employer when he has to compensate injured employes in damages for injuries sustained in the service. It fixes no amount to be paid on account of injury to any employe, what is to be paid to the employer depending upon the amount of damages the latter may have to pay to the former. The accident

insurance about which the witnesses testify is not the kind of provision defendant was to make for its employes, but such as individuals may obtain. It can not be assumed that such contracts, in the cost of insurance and in amounts to be paid on the happening of accidents, are at all similar to such a contract as that plaintiff claims was in contemplation between him and the defendants.

Indeed we are unable to fix upon any thing in the case which would enable us to say that plaintiff has sustained any loss through the representation of defendant except that which he paid and which was adjudged to him in the District Court. It does not appear that any insurance to plaintiff against accidents could have been procured for the amounts he left in defendant's hands, nor does he claim that by defendant's conduct he was prevented from insuring himself, or induced to take any course of conduct beyond allowing the deduction from his wages. He suffered an injury, it is true, but his loss from it was not due to that of which he complains in this action. We therefore conclude that the courts below were right.

*Affirmed.*