## HOLLAND TEXAS HYPOTHEEK BANK v. BROOCKS et ux. (No. 1174.)*

(Court of Civil Appeals of Texas. Beaumont. Nov. 1, 1924. Rehearing Denied Nov. 19, 1924.)

**1. Mortgages ⬦335 — Creditor electing to foreclose trust deed lien cannot thereafter exercise power of sale reserved in trust deed.**

Where creditor secured by trust deed, authorizing sale on default of grantor, instituted suit on note and trust deed, prosecuted it to final judgment, foreclosing lien, and sued out order of sale thereon, it thereby made an election between remedies, and is estopped from selling land under power of sale reserved in trust deed.

**2. Election of remedies ⬦15½, New, vol. 6A Key-No. Series—Must be affirmatively pleaded by party invoking it.**

Estoppel arising from an election of remedies must be affirmatively pleaded by party invoking it.

**3. Mortgages ⬦335—Provision in trust deed held not waiver by contract of grantor's right to set up defense of election of remedies.**

A provision in trust deed that the exercise of such remedies as might be deemed expedient, was not to constitute an election to waive other remedies, held to refer only to remedies specifically mentioned, and not to waive defense of election of remedies as against secured creditor, who, after foreclosing lien by suit, attempted to exercise power of sale reserved therein.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit for injunction by John H. Broocks and wife against Holland Texas Hypotheek Bank and another. From an order granting temporary injunction, defendant named appeals. Affirmed.

See, also, 263 S. W. 1079.

Nall, King & Jackson, of Beaumont, for appellant.

E. E. Easterling and M. S. Duffie, both of Beaumont, for appellees.

WALKER, J. On the 20th day of November, 1916, appellees, John H. Broocks and wife, executed a deed of trust in favor of appellant to secure it in an indebtedness of

$10,000, containing the following terms, conditions, agreements, stipulations, and remedies:

"It is understood and agreed that this deed of trust shall also be security for any other and additional indebtedness which the parties of the first part may owe the party of the third part at the date of the maturity of the note or notes herein secured, and all said additional indebtedness shall be payable at Port Arthur, Tex., and bear interest at the rate of 8 per cent. per annum from date of accrual until paid, by whatever means the same shall accrue, and this conveyance is made for the security and enforcement of the payment of said present and further indebtedness.

"It is further understood and agreed that the parties of the third part or other owner and holder of the indebtedness herein secured shall be and is hereby subrogated to the rights of all lienholders whose liens are paid off and discharged with the moneys herein secured, and in the event of foreclosure shall have the right to foreclose said liens.

"That the lien hereby created shall be prior to any materialman's, laborer's or mechanic's lien hereafter attempted to be given or fixed upon improvements upon or hereafter to be placed upon said property, and this lien shall attach to all of said improvements as a first lien thereon.

"That the maker or makers of said note will pay all federal, state or municipal taxes assessed against the same, which taxes may be paid by the owner and holder of said note or notes who shall be reimbursed for said amount paid out, which payment shall be made by the makers of said note upon receiving notice of the amount so paid.

"If default should be made in the payment when due of the principal, or any installment of interest, or other indebtedness herein secured, the trustee, or any substitute trustee hereunder, shall have the right to take immediate possession of the premises hereinbefore described, and on which the lien is hereby created, and shall have the right to collect any rents or revenues due, or to be due or accruing thereon, and to apply the same to the satisfaction of the indebtedness secured by the liens created by this instrument. After maturity a lien is also hereby given upon all rents, revenues, and income produced, or to be produced from said property and the same shall be payable to said trustee or his substitute hereunder.

"That the grantors herein have a good and perfect title in fee simple to the property hereinbefore described, and hereby agree to execute such further assurances of title to said land as may be requisite; that said grantors have done no act to incumber said land, or any part thereof, save and except as herein set forth in this deed of trust.

"That the makers, indorsers, guarantors, assignors, and sureties of the note or notes herein secured, severally waive presentment for payment, demand, protest, and notice of protest for nonpayment of said note or notes, and agree that no extension will operate to relieve them of liability thereon, or in anywise affect this lien, and that said note or notes or either of them may be extended one or more times, or in any manner, or amount, or by new note or notes as the owner or holder

thereof may elect without affecting the security hereby created.

"The makers of the note hereby secured guarantee that the security hereby given shall at all times have a market value of more than twice the indebtedness unpaid, and if, in the opinion of the owner or holder of said indebtedness said security shall decline in value at any time before maturity of said indebtedness, and the maker or makers of said note or notes should within ten days after receipt of demand thereof fail or refuse to furnish additional security satisfactory to the holder of said indebtedness, then such owner or holder thereof shall have the right, at its option, to declare all unpaid indebtedness at once due and payable.

"It is agreed and stipulated that the parties of the first part herein shall and will at their own proper cost and expense, keep the property and premises herein described, and upon which a lien is hereby given and created, in good repair and condition, and pay and discharge as they are or may become due and payable, all and every, the taxes and assessments that are or may become payable thereon under any law, ordinance or regulation, whether made by federal, state or municipal authority on the property herein described and the indebtedness hereby secured, and shall keep said property fully insured in some company or companies approved by the party of the third part, to whom the loss, if any, shall be payable, and by whom the policies shall be kept. And in case of default made by the parties of the first part in the performance of any of the foregoing stipulations, the said party of the third part, or other owner or holder of the indebtedness herein secured or any part thereof may at its option mature said indebtedness or any part thereof then remaining unpaid. Should the party of the third part or other owner or holder of said indebtedness not elect to mature the same, then at its option all of the things provided for in this paragraph may be performed by the party of the third part herein, for account and at the expense of the parties of the first part, if it should elect so to do, and any and all expenses incurred and paid in so doing shall be payable by the parties of the first part to the party of the third part, with interest at the rate of ten per cent. per annum from the date when the same was so incurred or paid and shall stand secured under this deed of trust in like manner with the other indebtedness herein mentioned, and shall be payable at Port Arthur, Tex., within ten days after receipt of written notice that same has been paid by party of the third part, and the amount and nature of such expense, and time when paid, shall be held fully established by the affidavit of the party of the third part or of its agent, or by the certificate of any trustee acting hereunder. And in the event parties of the first part should neglect, fail, or refuse to pay said indebtedness so incurred within ten days after receipt of notice showing the amount paid out for their benefit then the owner or holder of the notes, or either of them, hereinbefore mentioned, and herein secured, shall have the right to declare the same immediately due and payable.

"It is further understood and agreed that in the event of the marriage or death of the maker or makers, or either of them, of the note or

notes herein secured, that the owner and holders of said note or notes, or either of them, shall have the right at their option to mature all indebtedness hereby secured then remaining unpaid.

"It is further agreed and stipulated that the security herein and hereby provided shall not affect, nor be affected by any other or further security taken or to be taken for the same indebtedness, or any part thereof.

"And it is agreed that the property herein mortgaged may be sold as an entirety or in parcels as to said trustee, or the owner or holder of the indebtedness herein secured may deem advisable, in case a sale is made under this deed of trust.

"All the remedies herein provided for are cumulative remedies and shall be in addition to every other remedy now or hereafter existing at law or in equity and every power or remedy, or one or more of them, given to the trustee or to the party of the third part or owner or holder of the indebtedness herein secured may be exercised from time to time as often as may be deemed expedient, and the exercise of one or more of such powers or remedies shall not be an election by the trustee or owner or holder of the indebtedness herein secured to waive any one or more of the others.

"Now, should the said parties of the first part make prompt payment of said indebtedness, both principal and interest, as the same shall become due and payable, and strictly comply with all of the conditions and requirements herein provided, then this conveyance shall become null and void and of no further force or effect, and shall be released at the cost and expense of said parties of the first part. But should the said parties of the first part make default in the punctual payment of said indebtedness, or any part thereof, principal or interest, as the same shall become due and payable, or should said parties of the first part in any respect fail to keep and perform any one or more of the conditions herein provided to be kept and performed by said parties of the first part, then, and in any such case, the whole amount of such indebtedness remaining unpaid at the option of the party of the third part, or other holder thereof, shall immediately mature and become payable, and it shall thereupon or at any time thereafter, the same or any part thereof remaining unpaid, be the duty of the said party of the second part herein, and of his successor or substitute, as hereinafter provided, at the request of the said party of the third part, or other holder or owner of the indebtedness herein secured, or any part thereof (which request is hereby presumed) to enforce this trust; and after advertising the time, place, and terms of the sale of all the above conveyed and described property for at least twenty days successively next before the day of sale, by posting up or having posted up written or printed notices thereof at three public places in each county where said real estate is situated, one of which shall be at the courthouse of such county, to sell the same in accordance with such advertisement at public auction, in front of the door of the courthouse of San Augustine county, in the state of Texas, on the first Tuesday in any month, between the hours of 10 o'clock a. m. and 4 o'clock p. m., to the highest bidder for cash, selling all the property above conveyed as an entirety or in parcels, as the trustee acting may elect, and make due conveyance to the purchaser or purchasers, with general warranty, binding the said parties of the first part herein, and their heirs and assigns; and out of the money arising out of such sale, the trustee acting shall pay first, all the expenses of advertising, sale and conveyance, including a commission of ten per cent. to himself; second, reimburse himself and party of the third part or other holder of said indebtedness for all moneys paid for insurance, taxes or assessments, if any, with interest thereon; and then to the said party of the third part, or any other holder or holders thereof, the full amount of principal, interest and attorney's fees due and unpaid on said indebtedness as hereinbefore set forth, rendering the balance of the purchase money, if any, to the said parties of the first part their heirs or assigns; and said sale shall forever be a perpetual bar against the said parties of the first part their heirs and assigns, and all other persons claiming under any of them.

"It is expressly agreed that the recitals in the conveyance by the trustee, or any substitute trustee acting under the powers herein conferred, to the purchaser shall be full evidence of the truth of the matter therein stated, and all prerequisites to said sale shall be presumed to have been performed. In case of the absence, death, inability, refusal or failure of the trustee herein named to act, a successor and substitute may be named, constituted and appointed by the said party of the third part herein, or other holder of said indebtedness or any part thereof without other formality than an appointment and designation in writing; and this conveyance shall vest in him as trustee, and in each substitute trustee so appointed, the estate and title in all said premises, and he shall thereupon hold, possess and execute all the title, rights, power and duties herein conferred on said trustee named, and his conveyance to the purchaser shall be equally valid and effective, and such right to appoint a successor or substitute trustee shall exist as often as and whenever from any of said causes any trustee, original or substitute, cannot or will not act. The party of the third part, or any other holder of said indebtedness or any part thereof, under them shall have equal rights to become the purchasers at such sale, being the highest bidder."

Afterwards, to wit, on the 10th day of April, 1922, having instituted suit upon its claim against appellees, Broocks and wife, appellant secured judgment against them for the full amount of its claim, with foreclosure of its lien as retained in the said deed of trust, which said judgment was in all things affirmed on appeal. After the affirmance of this judgment, appellees in the lower court were granted an injunction restraining this appellant from executing the same on order of sale duly issued on said judgment. On appeal, this court dissolved that injunction and petition for writ of error is now pending in the Supreme Court. After appellant was restrained from enforcing its judgment foreclosing its lien, as retained in said deed of trust, it then undertook to sell the property

described in its deed of trust under the power of sale contained therein and set out above, and after the trustee had advertised the property for sale, the judge of the Sixtieth Judicial District Court of this county granted appellees a temporary injunction restraining such sale under the powers reserved in the deed of trust, and this appeal is duly prosecuted from that order.

As grounds for their injunction, appellees allege the execution of the deed of trust to secure their undertaking to appellant, the filing of suit thereon by appellant, and the entry of final judgment therein, the issuance of an order of sale on that judgment, and the granting of an injunction against its execution and the appeal by appellant from that order, and the subsequent effort on the part of appellant to sell the lands described in the deed of trust under the power of sale contained therein. They further alleged that a sale thereunder would be inequitable as to them, as the lands—

"would sell for a grossly inadequate price by reason of the fact that the said sale would at law be a nullity and would convey no title to the purchaser thereof, but would enable the Holland Texas Hypotheek Bank of Amsterdam, Holland, its agent, servants, and employees, and the said E. L. Nall, trustee, to vex and harass these plaintiffs and cause them much unnecessary vexatious litigation. The plaintiffs further show that the defendants, by bringing said suit in the district court and procuring judgment thereon as aforesaid and undertaking to execute said judgment by said order of sale and advertising said property for sale thereunder thereby elected to sue upon said indebtedness secured by said deed of trust and foreclosure of said lien in said court, and that the defendants by such election waived, gave up, and lost any right to sell said land under said deed of trust; and plaintiffs show that said judgment having been taken by defendants against plaintiffs as aforesaid for the amount of said indebtedness and foreclosing said lien by said judgment, and said judgment by its terms ordering said property to be sold to satisfy said judgment by order of sale directed to the sheriff of San Augustine county, Tex., that by said judgment all rights and remedies of the defendants under said deed of trust were merged into said judgment and whatever rights defendants may now have to sell said property to satisfy said indebtedness are contained in said judgment and rests therein and that said deed of trust is now functus officio.

"These plaintiffs further show that the writ of injunction applied for herein is not sought for the purpose of preventing the collection of a debt, but for the purpose of preventing the sale of the lands described in said deed of trust, because a sale made under said deed of trust would be absolutely void carrying no title to said property, all of which the public are fully advised, and therefore said property would sell at an inadequate price and thereby cloud plaintiffs' title.

"Plaintiffs show that unless this honorable court grants an injunction, and if these defendants are not restrained from selling said land under said deed of trust, that plaintiffs will suffer irreparable injury as above set out.

"Wherefore plaintiffs pray that this honorable court do grant its most gracious writ of injunction enjoining and restraining the defendants and each of them, their agents, successors, and attorneys from further proceeding to make sale of said property under said deed of trust as hereinbefore set out, and for such other equitable relief as to the court the plaintiffs may appear to be entitled to," etc.

Appellant answered by general demurrer, general denial, and specially as follows:

"Further answering said petition, these defendants say that it is true that on or about the 28th day of November, 1916, the plaintiffs herein executed a deed of trust to secure an indebtedness of ten thousand and no/100 ($10,-000.00) dollars, payable to the defendant, Holland Texas Hypotheek Bank, two years after date with 8 per cent. interest, and that the defendant, Holland Texas Hypotheek Bank, did file suit upon said note to recover thereon and to foreclose said deed of trust lien, and that judgment was rendered in the district court of Jefferson county, from which judgment the plaintiffs herein appealed, and that said judgment was affirmed on certificate as said appeal was never perfected, and that thereafter the said plaintiffs, John H. Broocks and Laura A. Broocks, instituted a suit in the district court of Jefferson county, Tex., wherein they alleged that said judgment so obtained in the district court was not a final judgment and caused a writ of injunction to be issued and served the defendant, Holland Texas Hypotheek Bank, and on said hearing said injunction was made final pending the final hearing of said cause, and these defendants now attach hereto and make a part of this answer, the petition filed by the said John H. Broocks and others, together with the exhibits thereto attached in which the said plaintiffs herein are seeking to set aside said judgment so referred to in plaintiffs' petition on the ground that said judgment so rendered by the district court on April 10, 1922, is absolutely null and that the court was without any power, authority or jurisdiction to render said judgment and to foreclose said lien, and that plaintiff is entitled to have said judgment set aside and a new trial granted in said cause, all of which will more fully appear from said exhibit attached to and made a part hereof.

"These defendants would further represent and show to the court that in the deed of trust so executed by the plaintiffs herein, it is provided that: 'All the remedies herein provided for are cumulative remedies and shall be in addition to every other remedy now or hereafter existing at law or in equity and every power or remedy, or one or more of them, given to the trustee or to the party of the third part or owner or holder of the indebtedness herein secured may be exercised from time to time as often as may be deemed expedient, and the exercise of one or more of such powers or remedies shall not be an election by the trustee or owner or holder of the indebtedness herein secured to waive any one or more of the others.'

"That under the provisions of said deed of trust above mentioned, these defendants have the power and the right and it is the duty of the defendant trustee at the request of his co-

defendant, who is the owner and the holder of the indebtedness secured, to exercise the powers and remedies provided in said deed of trust and by the exercise or attempted exercise of the power to foreclose in court does in no wise waive the right to thereafter have said property sold by said trustee and the exercise of said power of sale is, by the provisions of said deed of trust, at no time merged in said judgment nor does the filing of the suit and taking the judgment of April 10th, 1922, constitute an election or a waiver of said power of sale and said power is still vested in said trustee and he has the right to so sell the property at trustee's sale as sought to be done and would have been done, save and except for the granting of the injunction herein.

"Wherefore these defendants having answered fully, this honorable court should refuse to make said temporary restraining order permanent or to grant any injunction herein, and these defendants should go hence without day, and recover of plaintiff all costs of suit."

Upon hearing, the judge below entered the following order:

"Be it remembered on this the 10th day of June, A. D. 1924, having come on to be heard application for a writ of injunction enjoining and restraining the defendants herein from selling the property described in plaintiffs' petition, and the court having considered said application and answer of defendant and having taken the same under advisement, now, on this the 19th day of June, A. D. 1924, is of the opinion that said writ of injunction should issue, and it is ordered, adjudged and decreed that the same do issue in favor of the plaintiffs, John H. Broocks, and wife, Laura A. Broocks, and against the defendants, Holland Texas Hypotheek Bank of Amsterdam, Holland, and E. L. Nall, enjoining and restraining said defendants from selling plaintiffs' property under the deed of trust executed by the plaintiffs on November 28, 1916, and that said injunction be and remain in force pending the hearing of this cause on its merits, unless sooner dissolved by order of this court, to which judgment the defendants, Holland Texas Hypotheek Bank of Amsterdam, Holland, and E. L. Nall, in open court excepted and in open court gave notice of appeal to the honorable court of Civil Appeals of the Ninth Supreme Judicial District of Texas, at Beaumont."

### Opinion.

[1] We think the injunction was properly granted. By instituting suit upon its note and deed of trust and prosecuting the same to a final judgment for the amount of its demand, and a foreclosure of its lien as secured in the deed of trust, and by suing out the order of sale thereon, appellant has made an election between its remedies for the enforcing of its demand against appellees, and is now estopped from selling the land under the power of sale reserved in the deed of trust. Cameron v. Hinton, 92 Tex. 492, 49 S. W. 1050. In that case our Supreme Court held that the power to sell at public outcry under the power contained in a deed of trust and the power to foreclose the deed of trust lien are "inconsistent with each other, and no two of them could be resorted to at the same time." It was further held that the institution of a suit to foreclose the lien and the sequestration and replevy of the mortgaged property was an abandonment of the power to sell and thereafter the "rights must be enforced under the suits for foreclosure," citing Ward v. Green, 88 Tex. 177, 30 S. W. 864, wherein it was held that, "where a party who has a choice of remedies upon a cause of action pursues one of them to final judgment, he thereby makes an election by which he must be held to be estopped." For other authorities, see Smith v. Harris (Tex. Civ. App.) 252 S. W. 836; Benskin v. Barksdale (Tex. Com. App.) 246 S. W. 360; Sanger Bros. v. Corsicana National Bank, 99 Tex. 565, 91 S. W. 1083; Jones, etc., v. Gammell, etc. (Tex. Civ. App.) 94 S. W. 191; Williams v. Detroit, etc., 52 Tex. Civ. App. 243, 114 S. W. 167; Id., 103 Tex. 75, 123 S. W. 405; Biard, etc., v. Tyler, etc. (Tex. Civ. App.) 147 S. W. 1168; Stinson v. Sneed (Tex. Civ. App.) 163 S. W. 989; Lewis v. Powell (Tex. Civ. App.) 205 S. W. 737; Hartford Life Ins. Co. v. Patterson (Tex. Civ. App.) 231 S. W. 817; Johnson v. Bank (Tex. Civ. App.) 198 S. W. 990. In Manes v. Bletsch (Tex. Sup.) 239 S. W. 307, it was held (quoting the syllabus):

"Election of remedies arises where a party has two or more inconsistent remedies, and chooses to exercise one of them; in such case he abandons his right to exercise the other remedy or remedies."

In Avery, etc., v. Texas, etc. (Tex. Civ. App.), 62 S. W. 793, it was held:

"Where a creditor secured by a trust deed authorizing the trustee to sell the property on the grantor's default forecloses his lien by suit, and has the property sold at foreclosure sale, such suit is an election of remedies; and he has no power to have the property resold by the trustee."

Appellant cites Robertson v. Coates, 65 Tex. 37, as sustaining its contention that the court erred in granting the injunction. In that case, one Love, as guardian of the estate of F. F. Robertson, a minor, held a power of attorney from F. W. Robertson, a former guardian of the minor, to sell certain lands, and while holding that power instituted a suit to foreclose a lien on the same land given by the former guardian, F. W. Robertson, to secure his sureties against any liability that they had incurred on his bond as such guardian. That suit resulted in favor of Love with a foreclosure of the lien and an order to sell the property. Under these facts, Chief Justice Willie, speaking for the Supreme Court, said:

"When the mortgage was foreclosed, at the suit of Love, * * * he held, united in himself, as guardian of F. F. Robertson, all the right to sell which F. W. Robertson's power of

attorney could give him, and also the privilege of having the land sold under the decree of foreclosure and in satisfaction of it. Between these two methods of converting the land into money he could choose; and by either he could convey a good title to a purchaser."

[2] In that case the plea of election of remedies and the estoppel flowing therefrom was not pleaded, so far as the record shows, while in this case it is affirmatively pleaded. Under our system of pleading, this issue must be affirmatively plead by the party invoking the plea of estoppel (Babcock-Cornish & Co. v. Urquhart, 53 Wash. 168, 101 P. 713; Harrill v. Davis, 168 F. 187, 94 C. C. A. 47, 22 L. R. A. [N. S.] 1153; Luddington v. Patton, 111 Wis. 208, 86 N. W. 571), and cannot for the first time be presented on appeal. Easton v. Sommerville, 111 Iowa, 164, 82 N. W. 475, 82 Am. St. Rep. 502.

But, whether or not that distinction sufficiently differentiates that case from the one at bar, it seems to us that the holding in the Cameron Case, supra, is in direct conflict with the Robertson Case, and should control in disposing of the issue of election of remedies, for in the Cameron Case it was distinctly held that the remedy by foreclosure was inconsistent with the remedy by sale under the deed of trust, and that a prosecution of the foreclosure to judgment and a seizure of the mortgaged property under sequestration and a replevy of the property constituted an election. Appellant would distinguish the authorities cited by us, and would sustain the Robertson-Coates Case on its proposition that an election of remedies is not complete until the property has been definitely appropriated to the debt under the remedy chosen. If the Cameron Case was correctly decided, that proposition cannot be sound, for the property there had not been appropriated to the debt under the terms of the judgment of foreclosure.

[3] If we have correctly disposed of the issue of election of remedies, appellant says, by plea in the lower court and by propositions before us, that appellees have waived their defense of election of remedies by contract, and are now estopped to assert the same against its attempt to sell the land under the power of sale contained in the deed of trust.

In our statement of the facts and the pleadings, we have set out the conditions of the deed of trust, and in appellant's answer to special clause of the deed of trust upon which it relies as a defense. It is not necessary for us to determine the question whether one may, by contract, estop himself to assert a plea of election of remedies which constitutes a perfect defense under our jurisprudence, for in this case, as we construe the deed of trust, the remedy by foreclosure is not one of the remedies which appellees authorized appellant to exercise "from time to time as may be deemed expedient," and the exercise of which was not to constitute "an election by the trustee or owner or holder of the indebtedness herein secured to waive any one or more of the others." It is clear to us that this clause of the deed of trust was meant to refer only to the remedies specially mentioned in the contract and specially enumerated therein. It says:

"All the remedies herein provided for are cumulative remedies," and "shall be in addition to every other remedy now or hereafter existing at law or in equity."

No effort is made to enumerate such remedies as might exist "at law or in equity." Then it says:

"Every power or remedy or one or more of them given to the trustee or to the party of the second part or owner of holder of the indebtedness herein secured may be exercised from time to time as often as may be deemed expedient."

This right is limited to the powers and remedies "given to the trustee," etc. The deed of trust does not undertake to give to its beneficiaries any power to sue under foreclosure, but only recognized that such right existed independent of the deed of trust. It is only the delegated powers that appellees were contracting against, and in our judgment appellant's proposition of waiver by contract is not sustained on a proper construction of the instrument.

It is therefore our judgment that the order of the lower court be in all things affirmed.