JAMES A. GRADY, APPELLANT, VS. ALEXANDER M. JEFFARES, APPELLEE.

1. When there is no bill of exceptions in the case, there are not proper data, either as to law or evidence, upon which the court will consider whether there was error in overruling a motion for new trial.

2. G. agreed to purchase land of J. J., representing that he had purchased it from one T., and would see that the title was perfect, when in fact J. had not purchased and had no title, which he well knew ; and G. believing J., was induced by the false representation to pay a large sum of money ($1,050), promising to pay the balance in a few days. T. was in possession at the time, and had the title, and there was no offer to deliver to G. It is charged that the representation was wilfull and fraudulent, in order to induce G. to pay said money to J.: *Held*, That the declaration, fully alleging these facts, in an action to recover damages for deceit, is sufficient, and that the court did not err in overruling the demurrer to it.

3. Such a declaration is not defective in not further alleging that the plaintiff had paid, or offered, or was willing to pay the balance called for by the contract, the case not being one for the enforcement of a contract.

4. This case distinguished from Sanford vs. Cloud, 17 Fla.

Appeal from the Circuit Court for Hernando county.

The facts of the case are stated in the opinion of the court.

JUDGE JOHN F. WHITE, of the Third Judicial Circuit, sat in the place of MR. JUSTICE MITCHELL, disqualified.

*Angus Paterson* for Appellant.

James A. Grady offered to purchase a tract of land from Velpo C. Thrasher, and make a deed to Alexander M. Jeffares. Grady was to pay $2,400 for it, and sell it to Jeffares for $2.650. This was the contract (not in writing). Jeffares paid Grady in cash $1,050, agreeing to pay the balance in a few days, but never did, and has not offered to pay the same, but " backed out," and now s es for $1.050.

In this suit he does not aver in his declaration, that he has paid the balance, or that he has offered to pay it, or that be was willing to pay it ; the defendant demurred to the declaration because it did not have an averment to that effect. The demurrer was overruled and thus is the main question at issue before this court. See Declaration, Record, pp. 22, 23, 24, 25 and 26.

The plaintiff in order to recover must show that he has complied, or is ready to comply, with his part of the contract. Sanford vs. Cloud, 17 Fla., p. 532; Pitman vs. Myrick, 16 Fla., pp. 692, 792, (last paragraph); Bank of the United States vs. Smith, 11 Wheat., 171.

In contracts for the sale of land if either the vendor or vendee wish to compel the other to fulfill his contract, he cannot proceed without an actual performance of the agreement on his part, or a tender and refusal, and an averment to that effect is always made in the declaration upon contracts of that sort. Bank of Columbia vs. Haynes, 1 Peters, p. 464 ; Sanderson's Admr. vs. Thomas & Livingston, 17 Fla. pp. 468-478.

The defendant Alexander M. Jeffares has failed to comply with his part of the contract, and therefore is not entitled to recover.

*T. M. Shackleford*, for Appellee.

MAXWELL, J. The action in this case was for the recovery of money paid by the plaintiff to the defendant on a contract for the purchase of lands, the recovery being claimed on the ground that the plaintiff has received no value or consideration for said money, and was induced to pay the same by the false and fraudulent representations of the defendant. To the declaration there was a demurrer, which was overruled. Defendant then filed a plea, and issue being joined thereon, the trial was had, resulting in a judgment for the plaintiff, from which the defendant brings this appeal.

Only two errors are assigned, to-wit : 1st, in overruling the demurrer to the amended declaration ; 2d, in overruling the motion for a new trial, and giving judgment for the plaintiff. As to the latter, the grounds of the motion were, that the verdict was contrary to law, and contrary to the evidence. The record contains no bill of exceptions. We are, therefore, without proper data, either as to law or evidence, upon which to consider whether there was any error in overruling the motion. So, the only matter to be determined is, whether or not the court erred in overruling the demurrer.

Is the declaration a good one ? It alleges in substance that the defendant represented to plaintiff that he (defendant) had purchased of one Thrasher, a certain tract of land (describing it) for $2,400, and would sell it to plaintiff for $2,650, and would see that the title to said land was per fect ; that plaintiff believing and relying upon said representations, agreed to purchase the land for the price asked, and paid to defendant $1,050, and was to pay the balance in a few days ; that at the time defendant represented that he had purchased said tract of land from Thrasher he had

not purchased it, but at that time the title to the same was vested in said Thrasher, and defendant well knew that his said representations were false, in that he had not purchased the land and did not own the same ; that defendant falsely represented, fraudulently contrived, and at the time of said representations, intending to misrepresent, did wilfully and designedly claim to have purchased said land and to have the title to the same, in order to induce plaintiff to pay over said sum of money to him ; and that plaintiff, believing defendant, was induced by said fraudulent representations to part with said money as aforesaid—the said tract of land being at the time of the said representations the property of Thrasher, who then and ever since has held it, and has never delivered or offered to deliver it to plaintiff on account of the payment of the $1,050 by plaintiff to defendant as aforesaid, and the plaintiff has never received any value or consideration for his money paid as aforesaid to defendant.

The gist of this declaration is, that in making his contract for the land the plaintiff was deceived by the false representations of defendant in regard to his purchase from Thrasher, and his title under said purchase, the defendant knowing his said representations to be false, and that in consequence of such deceit plaintiff was fraudulently deprived of the money paid to defendant. This court in Williams vs. McFadden, 23 Fla., 143, gave the rule of law applicable here, in the following language : " A misrepresentation made by a vendor of real estate, as to a material fact, knowing at the time that it was untrue, upon which statement the purchaser relies, is actionable." And the court draws the usual distinction between statements of facts and statements that are only expressions of opinion, in that case sustaining the demurrer to the declaration because the statements, as alleged, were of the latter class, but giving leave to the plaintiff to amend so as to bring his case within the rule. Under this authority

the declaration in the present case contains all the requisites for an action on the case for deceit, and the demurrer was properly overruled. See also 3 Sutherland on Damages, 484-5-6 ; Wardell vs. Fosdick *et al.*, 13 Johnson (N. Y. C. L. R.), 324 ; Monell *et al.* vs. Colden, *Ibid*, 396 ; Frost vs. Raymond, 2 Caines (N. Y. C. L. R.), 188 ; Ward vs. Wyman, 17 Wend. (N. Y. C. L. R.), 192. The misrepresentation was not of something that rested in opinion ; it related to facts the most material in the transaction—the purchase of the land by the defendant, and his title thereto. They were matters of fact in regard to a condition of things then existent, and substantially affecting the interests of appellee, and not " matters of opinion, judgment, probability or expectation," and as between the parties they were matters peculiarly within the knowledge of appellant, such as appellee might well believe without being obliged to rely upon his own enquiries.

The facts being material, and it being alleged that they are untrue, and known to appellant to be untrue, and that appellee, being induced to rely upon their truth, thereby suffered the loss of the money he paid on the contract, we cannot agree with counsel for appellant that the declaration is defective in not further alleging that the plaintiff had paid, or offered to pay, or was willing to pay the balance called for by the contract. This is not a case for the enforcement of a contract. It stands on very different footing. It is a case for damages resulting from deceit injurious to the interests of the plaintiff, practiced as inducement to the making of a contract, and can be maintained, upon proof of the deceit and injury, even if the contract be affirmed (Williams vs. McFadden, *supra*, 149) ; and if this can be done where the loss or injury is only partial, there being some benefit from the contract, how much stronger is the reason for the remedy when there neither results, nor

can result, any benefit whatever from the contract, as in this case is the complaint of the declaration. It is the fraud in the transaction that distinguishes such cases from those to which the counsel for appellant refers.

There is, however, one case he cites which on casual reading would seem to be authority in this State to sustain him. In Sanford vs. Cloud, 17 Fla., 532, there was a contract for the sale of lands with mutual covenants between vendor and vendee, and on failure of the vendee, who went into possession, to perform his covenants in regard to the giving of notes as a part of the purchase price, and the making of title to vendor to other lands, which was another part of the consideration, the vendor brought an action against him for damages. One of his pleas sought to avoid the contract upon the ground that he was deceived and induced to enter into it by the fraud of the vendor in representing that he had a good and unincumbered title to the land sold to vendee, when if fact he did not have, and well knew he did not have, such title. This plea was demurred to, because it did not specifically and fully set up the facts constituting the alleged fraud, and did not set up a defence to the action, and the court held that it was not a good plea. We think so too. Obviously the vendee could not remain in possession of the land, which possession he acquired from the vendor under covenant to make a good title, showing no willingness to surrender it, and in that position avail himself of a defence against the vendor that the contract, in the language of the plea, " is absolutely null and void." The plea was bad also in that it did not state facts sufficient to show the defects of title, in that respect falling short of what the court held to be required, that " the facts must be fully stated." So that while the reasoning of the court, in our opinion, was wrongly predicated on the fact, ignoring fraud, that the covenant of defendant was sufficient protection for

the plaintiff, there was still good ground to con 'emn the plea. And it may be remarked that the opinion of Judge Starkey, in 1 How. (Miss.), 346, quoted by the court to sustain its view, was not aptly chosen, as the case was one in which there was no charge of fraud, but only a "naked allegation of a want of title," which Judge Starkey said, "even if it is a good plea, is not sufficient."

But the distinguishing difference between the case of Sanford vs. Cloud and the present case is, that here appellee is seeking to recover damages as compensation for money paid out under false representations, and for which he has received no consideration, while in the other case there was no claim for such damages, but an effort to get rid of the contract entirely while holding on to the property of which he had obtained possession under that contract. Properly viewed, there is nothing in the latter case in conflict with our decision in sustaining this action. We may add that an action for deceit will lie whether there is a warranty or not, and whether the agreement be rescinded or not. 3 Sutherland on Damages, 587.

The judgment will be affirmed.