## PIERCE v. HELLENIC AMERICAN REALTY CO.

### (Supreme Court, Appellate Term.  May 13, 1912.)

**1. VENDOR AND PURCHASER (§§ 334, 343*)—CONTRACTS—FRAUD—REMEDY OF PURCHASER.**

One induced by the fraud of a vendor to contract for the purchase of land may rescind, and proceed in equity or at law to recover the sum paid in reliance on the fraudulent representations, or he may affirm the contract and recover the damages sustained.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 959–980, 1023–1029; Dec. Dig. §§ 334, 343.*]

**2. VENDOR AND PURCHASER (§ 351*)—CONTRACTS—FRAUD—REMEDY OF PURCHASER.**

Plaintiff purchased a third person's land contract after the third person had paid $460 of the price, $620, and the vendor made a new contract with plaintiff, whereby the latter agreed to pay the balance by paying $20 in cash and the remainder in monthly installments. The vendor made fraudulent representations, inducing the purchase by plaintiff, who paid $70 in installments. Held, that the fraud of the vendor was consummated when plaintiff contracted to purchase, and a cause of action for the difference between the value of the land as represented and as it actually was then arose, subject to the rights of the vendor, based on plaintiff's default in payments of installments.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1017, 1047–1058; Dec. Dig. § 351.*]

**3. CORPORATIONS (§ 410*)—OFFICERS—POWERS.**

Where a corporation was engaged in the business of selling land, its president had authority to select a purchaser, and to release one purchaser from his obligation to purchase and accept another in his place, especially when a payment of past-due installments was made by the new purchaser, and the corporation was liable for fraudulent representations made by the president, inducing the new purchaser to contract to purchase.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1629–1632; Dec. Dig. § 410.*]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Irene Pierce against the Hellenic American Realty Company. From a judgment of the Municipal Court of the City of New York for plaintiff after trial without a jury, defendant appeals. Affirmed.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Boudin & Liebman, of New York City (L. B. Boudin, of New York City, of counsel), for appellant.

Jacob Friedman, of New York City, for respondent.

BIJUR, J.  The defendant made an agreement with one Koch, whereunder defendant agreed to sell to Koch two lots in New Jersey for $620, payable in installments. After Koch had paid $460, plaintiff undertook to purchase this agreement from him, and, at an interview with defendant's president, Koch's contract was surrendered to the de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant, and a new contract for the lots made with plaintiff, whereunder plaintiff agreed to pay the balance of $160, by paying $20 in cash at the time and the remaining $140 in monthly installments of $5 each. Thereafter plaintiff paid $70 in installments, making a total of $90 on account of the $160. Plaintiff alleged that, at the interview at which her contract with defendant was negotiated, defendant's president made representations as to the improvements upon the tract upon which said two lots were situated which were knowingly false, and that she had thereby sustained damage for which she asked judgment. Five hundred dollars damages was awarded to her.

[1] Plaintiff's remedy, on ascertaining the fraud, was substantially twofold. She might rescind, and proceed either in equity or in law to recover what she had paid in reliance upon the defendant's representations, or she might, as it is called, affirm the contract and sue to recover her damages, which in this case would be the difference between the value of the lots as represented and their value as they actually were—in other words, as it is put in some cases, she might recover the true "value of her bargain."

[2] The opinion of my learned colleague proceeds on the theory that in a case like the present, where the contract provided for payment for the property in installments, the latter form of relief was not open to the plaintiff, at least until she should have paid up all the installments and become entitled to a conveyance of the land. For this doctrine I find no authority. On the contrary, the theory of the action is that plaintiff proceeds to recover for the tort practiced upon her, namely, the fraud. This fraud was consummated, the damage incurred, and the cause of action born the moment plaintiff signed her contract, for she then had agreed to pay $620 for lots represented to her to be of a character entitling them to that valuation, whereas, in point of fact (as we must assume from the finding of the learned trial judge), they were worth only $120. She was entitled to a contract whereunder, on payment of $620, she would receive lots of that value. She received a contract whereunder, upon payment of $620 she would receive lots worth only $120. Her damage at that moment, then, was $500, and for that difference she was entitled to recover forthwith. It is true that she must proceed as upon affirmance of her contract, but not upon performance of her contract. She has not disaffirmed the contract. The claim is merely that she has not fully performed it. If that be because the time for performance has not yet arrived, it is entirely indifferent. If the failure to perform in whole or in part is the result of her default, that may be a circumstance to be taken into consideration in determining whether she has affirmed or repudiated the contract; but it is by no means determinative of that issue. If she has affirmed the contract, and is, nevertheless, in default in payment of installments, defendant has its ordinary remedy on contract by way of action or counterclaim, without prejudice to plaintiff's right to recover for the tort practiced upon her.

While these precise points have not been determined in this state, the doctrine has at least been recognized in People v. Stephens, 71 N. Y. 527; but the question has been adjudicated in Eames v. Morgan,

37 Ill. 260, 275, Grady v. Jeffares, 25 Fla. 743, 747, 6 South. 828, and Weaver v. Shriver, 79 Md. 530, 533, 30 Atl. 189 (where it is fully discussed). See, also, 20 Cyc. 92. It may be that if by the terms of the contract the plaintiff was entitled upon defendant's default to rescind or cancel the contract, and had done so, the plaintiff's cause of action would thereby be destroyed; but, as there is neither allegation nor proof of such fact in the case, it need not be considered. I think, therefore, that the rule of damages applied by the learned court below was correct. I think, also, that the proof of the respective values was sufficient, though perhaps not as complete and exact as it might be.

[3] Defendant makes the further point that the representations of defendant's president were without the scope of his authority: First, because they were made beyond and in addition to specific representations made in the pamphlet or circular published by the defendant describing this tract of land; second, that the transaction was beyond the reasonable scope of the president's authority, inasmuch as it was not a sale of land, but the acceptance by the defendant of a different purchaser upon a contract previously entered into by it with another. It seems to me, however, that the business of selling land naturally and necessarily involves the selection of the purchaser; and if the seller elected to release one person from the obligation and accept another in his place, such a transaction appears to me to be entirely within the normal business of the seller, particularly when, as here, a payment on account of installments, apparently then already due, was made by the new purchaser.

Judgment affirmed, with costs.

GUY, J. concurs.

LEHMAN, J. (dissenting). The plaintiff has recovered a judgment for the sum of $500 as damages sustained by her for alleged fraud and misrepresentation on the part of the defendant in inducing her to enter into a contract for the purchase of two lots of land owned by the defendant. It seems to me that the plaintiff has sufficiently shown that she has a cause of action as alleged, but she is not entitled to the damages which have been allowed. It appears that the contract was entered into on the 15th day of January, 1910. It provided for the payment of the purchase price of $620 by the receipt of $480 upon the making of the contract and the balance in monthly installments of $5 each, and provided, further, for the forfeiture of the contract in case of default for 90 days in the payment of any installment of the contract. The plaintiff claims that she has paid installments amounting to $70, but she has not paid any installment due under the terms of the written contract on or after April 15th, more than five months before the beginning of the action.

It is well established that a person induced to enter into a contract for the purchase of land by fraud has two remedies at law. He may disaffirm the contract and sue for the consideration paid, or he may affirm the contract and retain what he has received, suing for the difference in value between the premises if they had been as represented

and their actual market value. Ettlinger v. Weil, 184 N. Y. 179, 77 N. E. 31. Where, however, damages representing the difference of market value are claimed, it is obvious that at the time the action is brought the plaintiff must still be entitled to enforce his contract. He cannot himself abandon the contract and fail to pay the installments entitling him to the conveyance, and yet claim that he has been damaged to the extent of the difference in the value of the land as represented and as existing. Until he shows that he has a right to enforce the contract, this difference is not the measure of his damages. If he is no longer entitled to his bargain, then the value of his bargain is immaterial, and his damages are limited to the consideration paid.

In this case the consideration paid is concededly less than $500. The complaint itself shows that the sum of $480 was not paid at the time of the making of the contract, but that the plaintiff paid only $20 and surrendered to the defendant for cancellation a prior contract for the same lots made to one Koch, on which it was represented that Koch had paid $460. The contract was bought by the plaintiff from Koch, not for cash, but in exchange for a dog of unknown pedigree and unproven value, though the complaint alleges its value at $100. Upon the theory of a disaffirmance or rescission of the contract the plaintiff could not recover, therefore, more than the sum of $90, plus, perhaps, the value of the dog, and it is not disputed that the case was not tried and the judgment cannot be sustained on this theory of the measure of damages.

The trial justice undoubtedly adopted as the measure of damages the difference between the market value of the lots and their value if they had been as represented. The plaintiff is, however, not entitled to any conveyance of the lots. She has not paid the agreed amount upon the contract, and has failed to pay any sum since the discovery of the alleged misrepresentation. The difference in value is therefore not the measure of her damages.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.