The Whitney Company, Incorporated, *vs.* Alfred W. Church et al.

Third Judicial District, Bridgeport, April Term, 1917.
Prentice, C. J., Roraback, Wheeler, Beach and Shumway, Js.

In a hearing before arbitrators the plaintiff, a building contractor who sought to recover for extra work, contended that the architect's certificate was conclusive as to the value of such work, but the arbitrators ruled otherwise and stated that they should expect the parties to offer other evidence upon that subject. The plaintiff closed its case without offering anything further upon that point, but, after the defendants had rested, requested permission to reopen its case and introduce evidence as to the value of the extra work. The arbitrators ruled that this was not rebuttal testimony and declined to allow the plaintiff to reopen its case in chief.

*Held* that the ruling respecting the effect to be given to the architect's certificate of value was correct, and that even though the plaintiff thought otherwise, it was bound to comply with such ruling and conduct its case accordingly, or take its chances of losing all right to produce the evidence if such ruling was finally sustained; and that having elected to stand upon its contention respecting the conclusiveness of the certificate of the architect, the plaintiff could not now be heard to complain of the refusal of the arbitrators to permit it to reopen its case for the purpose of introducing evidence which it had once declined to offer.

Alleged misconduct of arbitrators which does not result in any harm to the complaining party, or show any partiality or prejudice, will not be regarded as sufficient ground for setting aside their award.

The amount of damages sustained by the owner of a building through the contractor's delay in completing it, is a question of fact, and the allowance of a "lump sum" by way of compromise between the arbitrators, will not vitiate their award, if it does not appear that any illegal elements were included in the amount awarded.

An award within the terms of the submission will be set aside only for partiality and corruption in the arbitrators, or mistake in their principles.

Where arbitrators are fully authorized and empowered to determine all questions in controversy of every kind and character submitted to them under the agreement, a rule adopted by them as to their method of procedure cannot operate to limit their powers under the submission; especially if, as in the present case, the parties consent that the arbitrators are not to be bound by the strict rules of evidence, but may go outside and make such inquiry as they see fit to enable them to make a fair award.

Argued April 18th—decided June 14th, 1917.

APPEAL by the plaintiff from a judgment of the Superior Court in Fairfield County, *Webb, J.,* for $5,200 in favor of the defendants, pursuant to an award of arbitrators appointed by agreement of the parties under a rule of court. *No error.*

*John E. Keeler,* and *William A. Moore* of New York City, for the appellant (plaintiff).

*Spotswood D. Bowers,* for the appellees (defendants).

SHUMWAY, J.   The controversy between the parties arose out of a building contract in which The Whitney Company was contractor and Alfred W. Church was the owner of the building.

The cause was submitted to arbitration under a rule of court.   The arbitrators having made an award, returned the same to the Superior Court.   The defendants moved the court to accept the award and render judgment thereon as provided in § 957 of the General Statutes.   To the acceptance of the award the plaintiff remonstrated, alleging that the arbitrators "misconducted themselves in such manner as to evince partiality toward the defendants and prejudice against the plaintiff,"—specifying, as such misconduct, that the arbitrators called before them in secret session a witness who had testified in behalf of the defendants and examined the witness in the absence and without the consent of the plaintiff or its counsel; that the arbitrators addressed a letter to one of the defendants and received from him an answer, "containing matter of an evidential nature"; and that one of the arbitrators made an inquiry of a certain contractor as to the construction, as understood by contractors, of a clause in the building contract, the subject of this action.   The remonstrant further alleged that the arbitrators departed from the principles announced by them as governing their hearing, and specifying as such departure certain rulings upon the admission and rejection of evidence, as well as making erroneous rulings as to the legal interpretation of the building contract between the parties, and that the arbitrators made an award upon matters not in any way submitted to them.   The Superior Court overruled the remonstrance, accepted the award, and rendered judgment for the defendants to recover of the plaintiff, The Whitney Company, $5,200.21 damages.   The plaintiff appealed from the judgment,

and at the plaintiff's request the court made an extended finding, setting out in detail the proceedings before the arbitrators.

The matters contained in the third paragraph of the remonstrance in the Superior Court raise the most important question in the case, and it was justly so regarded by that court. The allegations in the paragraph named are, in substance, that the arbitrators refused "to admit and consider proper, competent and relevant testimony" offered by the contractor as to the value of certain items claimed by the plaintiff to be extra work. The clause in the contract covering the "extra work" that might be required in carrying out the contract, is as follows: "Should any alterations be required in the work shown or described by the drawings or specifications, a fair and reasonable valuation of the work added or omitted shall be made by the architect, and the sum herein agreed to be paid for the work according to the original specifications shall be increased or diminished as the case may be. In case such valuation is not agreed to, the contractor shall proceed with the alteration, upon the written order of the architect, and the valuation of the work added or omitted shall be referred to three (3) arbitrators (no one of whom shall have been personally connected with the work to which these presents refer), to be appointed as follows: one by each of the parties to this contract, and the third by the two thus chosen, the decision of any two of them shall be final and binding upon both parties."

The Whitney Company contended before the arbitrators, that under this clause in the contract the valuation placed upon this "extra work" by the architect was conclusive. This claim of the Whitney Company was properly overruled by the arbitrators, and they informed counsel, or the parties, that they, the

arbitrators, would expect the plaintiff to offer some evidence tending to prove that the items of "extra work were of the value in respect to time and material as indicated in their statement of claim," and this while the Whitney Company was presenting its evidence. The position taken by the arbitrators and the ruling upon the question was repeatedly called to the attention of plaintiff's counsel, but he closed the testimony for the plaintiff without offering the evidence indicated. The defendants having offered evidence of the value of the "extra work" as part of their case, the plaintiff asked to be allowed to again open the evidence as to the value of "extra work." The defendants objected and the arbitrators sustained them; the arbitrators ruling that it was not rebuttal testimony.

By this ruling of the arbitrators, the plaintiff was deprived of no right. It had full opportunity to prove its case, but preferred to rest upon its claim that the valuation of the architect was conclusive upon the defendants. Although the ruling of the arbitrators might have been thought to be erroneous, it was the plaintiff's duty to abide by and comply with the ruling and conduct his case in accordance therewith, or take his chances of losing all right to produce the evidence if the rulings of the arbitrators should be finally sustained. The ruling of the arbitrators was correct, and if the plaintiff had lost some substantial right it could not complain, for it had full opportunity to prove its case if it had seen fit to do so. But this ruling affected but few items in the plaintiff's claim, and these not in any substantial manner unless the claims of the plaintiff had been fully sustained.

Referring now to the claimed misconduct of the arbitrators in writing a letter to one of the defendants without the knowledge or consent of the plaintiff,

it appears that this letter was written after the defendant had testified, and in his reply to the letter he reiterated in substance his testimony before the arbitrators. Notwithstanding the letter and the testimony, the arbitrators awarded to the plaintiff the full amount of the item as claimed by the plaintiff to which the communication referred.

One Conklin had testified before the arbitrators as to the value of certain plumbing work, and in his testimony had submitted figures showing the value of the work. These figures were received with the plaintiff's consent. This testimony was under discussion in private session, and one of the arbitrators claimed there was an error in Conklin's figures. One of the arbitrators happened to meet Conklin in the building where they were conferring and called his attention to the claimed mistake. Conklin admitted there was a mistake. The amount awarded by the arbitrators was $156.50 less than the figures submitted by Conklin, and to that amount were more favorable to the plaintiff.

The finding shows that there was a controversy over the doors which the plaintiff furnished for the building. The specifications required they should be one and one-half inches thick. The defendants claimed they should be allowed the expense of putting in doors one and one-half inches thick. The plaintiff claimed that there was a trade custom to the effect that specifications calling for doors one and one-half inches in thickness meant a door one and three-eighths inches thick. The arbitrators decided against the claim of the plaintiff. After the arbitrators had decided this question in this manner, one of the arbitrators met a contractor, one Mr. Bottomley, and asked him if there was such a trade custom. The fact of this conversation was reported to the counsel of the plaintiff before the final award, and no

protest was made or other action taken until the remonstrance was filed in the Superior Court.

Certainly there was nothing in these several acts or claimed misconduct on the part of the arbitrators that was harmful to the plaintiff or which showed any partiality or prejudice, and the award should not be set aside on account of them.

The plaintiff has also assigned as error the action of the court in holding that the arbitrators, in allowing damages to the defendants on account of delay in the work from June 28th, 1913, to December 1st, 1913, was not contrary to the provisions of the submission to arbitration or to the principles of procedure announced by the arbitrators.

The original contract in question was made in the spring of 1912. Differences having arisen between the parties, the work was discontinued, and the parties made a supplemental agreement on June 24th, 1913, in which latter agreement it was stipulated that the work should be completed by December 1st, 1913. The agreement to arbitrate provided, among other things: "The arbitrators . . . are fully authorized and empowered to determine and reach a decision on all questions in controversy of every kind and character submitted hereunder." The very first clause of the agreement to arbitrate was this: "That all questions in controversy as to damages for delay . . . be submitted to arbitration."

There is some question whether the defendants should recover damages for the delay between June 28th, 1913, the date of the agreement to arbitrate, and December 1st, 1913, the time when by that agreement the plaintiff was to complete the work, but it does not appear from the finding that the arbitrators did allow damages for that period. The defendants' claim as stated in their counterclaim was as follows:—

| | |
|---|---:|
| Rental value of premises 13 months at $700 per month............................ | $9,100 |
| Rental value of portion of premises 2 months at $400 per month....................... | 800 |
| | $9,900. |

The finding states that the arbitrators considered these two sums, $9,100 and $800, together, and the "lump sum" of $6,500 was allowed as a compromise between the arbitrators. The evidence showed that by the original agreement the plaintiff agreed to complete the contract by May 1st, 1913, and the residence was completed about September 1st, 1914, and the contract called for an expenditure of upward of $99,000. The damages suffered by the defendants by reason of the failure of the plaintiff to keep its contract was a question of fact, and it does not appear that any illegal elements were included in the amount awarded. This court has uniformly held that an award of arbitrators will be set aside only for partiality and corruption in the arbitrators, or mistake in their principles. *In re Curtis-Castle Arbitration*, 64 Conn. 501, 516, 30 Atl. 769; *Brown* v. *Green & Noyes*, 7 Conn. 536, 542.

In this case the submission was broad and comprehensive, and a rule adopted by the arbitrators as to their method of procedure could not operate to limit their powers under the submission, especially if, as in this case, the original declared intention of the arbitrators that hearings would be conducted as a case in court was abandoned, and "it was decided to go ahead and have counsel present, but that the arbitrators were not to be bound by the strict rules of evidence, and that they should have the right to go outside the record and make such inquiry as they saw fit, to get

light upon it, and to get information to help in making a fair award," which was apparently consented to by the parties.

There is no error.

In this opinion the other judges concurred.