**WEBB et al. v. EMERSON-BRANTING-HAM IMPLEMENT CO. (No. 1720.)**

(Court of Civil Appeals of Texas. Amarillo. Jan. 26, 1921.)

**1. Fraud ⬅41—Petition, held one for deceit in sale.**

Where the petition alleged that defendant fraudulently represented that a tractor which it proposed to sell to plaintiffs would with slight repairs be in first-class condition, etc., that, relying thereon, plaintiffs bought it, that the tractor was worthless, and that plaintiffs had been damaged in certain respects, the suit was one for deceit in making fraudulent representations, especially where the supplemental petition expressly so alleged.

**2. Fraud ⬅59(3)—Buyer's damages difference between contract price and value.**

The ordinary damages allowable for fraudulent representations by a seller of property inducing the sale is the difference between the contract price paid and the value of the property as delivered, with such special damages as were the proximate result of the wrong.

**3. Fraud ⬅34—Buyer's action maintainable though he fails to allege payment of notes for price.**

In an action for damages resulting from a seller's fraudulent representations, though the petition shows that notes were given for the purchase price, the failure to allege their payment and present status does not preclude plaintiffs from maintaining a suit if recoverable damages are otherwise alleged.

**4. Fraud ⬅60—Freight paid and expenses incurred by buyer held recoverable.**

In an action by the buyers of a tractor for fraudulent representations, where, as alleged, the tractor was worthless, the freight paid and expenses incurred by the buyers in an attempt to make it operate were recoverable, even though the purchase money notes had not been paid.

**5. Fraud ⬅47—Buyer's petition held not to authorize recovery for repairs.**

In an action by the buyers of a tractor for fraudulent representations, where the petition showed that notes were given for the purchase price, and did not allege their payment or present status, allegations that they purchased new parts for repair of the tractor on the representation that they would get credit for them does not authorize a recovery of the amounts paid, where it is not alleged that they were not given credit on the notes.

**6. Fraud ⬅47—Buyer's petition held not to authorize recovery of price of plow for use with worthless tractor.**

In a buyers' action for false representations in the sale of a tractor alleged to be worthless, allegations that a plow purchased from defendant for use with the tractor was worthless to them, because the tractor could not be operated successfully and they had no other means of using it, but not alleging that it had no market or intrinsic value, or that plaintiffs had offered to return it, did not warrant a recovery of the price of the plow.

**7. Fraud ⬅60—Buyer not entitled to recover profits lost.**

Persons, induced to buy a worthless tractor by false representations, cannot recover the profits which they would have made on crops and by plowing for others but for the defective condition of the tractor, unless they were thereby prevented from using means which

they would otherwise have employed of making such profits, as they could recover only the positive loss sustained, and not profits that could have been made had the property been as represented.

**8. Dismissal and nonsuit** ⊂⇒55—**Dismissal for want of jurisdiction proper when damages reduced below court's jurisdiction by exceptions.**

Where the amount recoverable is reduced by exceptions to the different items of damage alleged to an amount below the jurisdiction of the court, and plaintiff fails to amend, the proper judgment is one dismissing the cause for want of jurisdiction, and not one which would bar a recovery in a court of competent jurisdiction.

Appeal from District Court, Swisher County; R. C. Joiner, Judge.

Action by George T. Webb and others against the Emerson-Brantingham Implement Company. From a judgment sustaining exceptions to the petition, plaintiffs appeal. Reversed and remanded.

W. F. Hendrix, of Tulia, for appellants.
Spence, Haven & Smithdeal, of Dallas, for appellee.

BOYCE, J. Appellants, Geo. T. Webb and others, brought this suit against the appellee, Emmerson-Brantingham Implement Company, to recover damages for fraudulent representations made by the implement company in the sale of a secondhand gasoline tractor. This appeal is from the judgment of the trial court, sustaining defendant's general and special exceptions to the plaintiffs' petition. We will therefore set out so much of the allegations of this pleading as is necessary to make our holding in reference thereto intelligible.

Plaintiffs alleged: First. That in November, 1916, the implement company fraudulently represented that a certain secondhand tractor, which it proposed to sell to plaintiff, would with slight repairs, which it agreed to make, be in first-class condition and as good as new, and do all farm work required of it by the plaintiffs; that plaintiffs, relying on these representations, bought the tractor, and executed to the defendants their two notes, aggregating $1,635, securing payment thereof by chattel mortgage on said tractor; that the plaintiffs paid the freight on said tractor, amounting to the sum of $55; that such statements as to the condition of said tractor were false, "in that said tractor when repaired was wholly worthless," and would not run after repeated efforts on the part of defendants' agents to repair it, and "that same was practically worthless, and that the freight paid out by plaintiffs should be refunded." Second. That plaintiffs paid out certain sums of money for new parts ordered for repair of said tractor on the representation of the implement company that "plaintiffs would get credit for them, and that the engine could truly be made to work all right," these items aggregating the sum of $99.53; that the plaintiffs made numerous trips and incurred personal expenses in the sum of $90, and bought certain other parts for said tractor, in an attempt to make it operate, at an additional expense of $15.-48; that plaintiff also purchased of the defendant for use with said tractor a sod-bottom plow, paying therefor the sum of $65, and that said plow was worthless to the plaintiff "unless said engine could be operated successfully"; and that plaintiffs had no other means of using said plow. Third. That if the said engine had not been defective plaintiffs would have planted 35 acres of wheat in the fall of 1916, and would have made a net profit thereon of $400, and would, in the year 1917, have planted 155 acres in milo maize and kaffir corn, and would have made a profit on said crop of $1,800, and that plaintiffs had a contract with one Elmer Knight for the plowing of 200 acres of land in the fall of 1916, at $2.25 per acre, out of which they would have made a profit of $294, but which plowing they lost on account of the worthless condition of said tractor. Fourth. That the said enumerated items of damages "resulted from the defective condition of said tractor, and because same would not operate as represented by defendants," and that the defendants were informed of the purpose for which the plaintiffs intended to use said engine in planting said crops and in plowing lands for others as alleged. Fifth. That the plaintiffs would not have received said tractor but for the false and fraudulent representations of the defendant; that the defendants continued to represent that they could and would place said tractor in good working condition; that plaintiffs attempted to return said engine to defendant, but were induced to keep it on the representations that the defendant expected to make the same run; that defendant knew that said engine could not be made to run, but made said promises and representations for the fraudulent purpose of "getting plaintiffs to keep it for a while longer so as to have a better excuse to refuse to do anything further with same"; that the said fraudulent acts and representations were made and committed in Swisher county, in the district court, of which county the suit was brought.

Defendant, in its answer, among other things, pleaded that the contract for the sale of said engine was in writing, and it was provided therein that the implement company made no warranties of any kind in reference to the condition of said engine, etc. The plaintiff, in a supplemental petition, expressly stated that the suit was "for damages on account of false and fraudulent rep-

resentations made by defendant and its agents."

The exceptions urged by the defendant consisted of a general demurrer and special exceptions to the various items of damage alleged.

[1-3] The plaintiff's suit was for deceit in the fraudulent representations made by the defendant. Routh v. Caron, 64 Tex. 291. That is the fair construction to be placed upon the averments of their original petition, and the plaintiffs expressly so declare in their supplemental petition. The ordinary damages allowed in such case is the difference in the contract price paid for the goods and the value of the goods as delivered and in addition such special damages as were the proximate result of the wrong. George v. Hess, 100 Tex. 44, 93 S. W. 107; Rumely Products Co. v. Moss, 175 S. W. 1087, 1088. The plaintiffs itemized their damages, and do not allege general damages, and do not sue for, any amount on account of the difference between the contract price of the tractor and its actual value, so we need not determine whether the fact that it appears that notes were given for the purchase price of the tractor, and the petition contains no allegation as to their payment or present status, would preclude the plaintiffs from recovering as if the purchase price had been paid in cash instead of notes, which might be outstanding. In fact, the authorities as to what might be the right of the plaintiff to recover such element of damage in such case are in some confusion and conflict. Southern Gas & Gasoline Engine Co. v. Pevito, 150 S. W. 280; D. M. Osborne & Co. v. Poindexter, 34 S. W. 301 (point not appearing in syllabus); Applebee v. Rumery, 28 Ill. 282; West Florida Land Co. v. Studebaker, 37 Fla. 28, 19 South. 179; Hines v. Brode, 168 Cal. 507, 143 Pac. 729. In this connection we do hold, however, that the counter proposition, put forward by appellee, that the failure of the plaintiff to either allege payment or make proffer of payment of the notes, would preclude them from maintaining any suit at all is not well taken. Pembrook v. Houston (Cal. App.) 181 Pac. 828; Moran v. Tucker, 40 R. I. 485, 101 Atl. 329, L. R. A. 1918A, 99; Pierce v. Hellenic American Realty Co., 76 Misc. Rep. 473, 135 N. Y. Supp. 605; Cyc. vol. 20, p. 92. See, also, Dean v. Standifer, 37 Tex. Civ. App. 181, 83 S. W. 230, and Osborne v. Poindexter, supra. We think the plaintiffs' petition is sufficient to set out a legal wrong which would entitle them to recover damages if any recoverable damages are properly alleged, and we will proceed to consider the sufficiency of the petition as to the various items of damage alleged therein.

[4] We think the petition is sufficient to have warranted a recovery of the item of $55 freight paid on the tractor, and those items of personal expense incurred by the plaintiff, in attempting to make the tractor work.

Chatham Machinery Co. v. Smith, 44 S. W. 592; Southern Gas & Gasoline Engine Co. v. Pevito, supra. If the tractor is in fact worthless, the plaintiffs have lost said sums as the proximate result of the wrong, in addition to the amount they paid the defendant in notes for the tractor.

[5] The petition is not sufficient to authorize a recovery of those amounts alleged to have been paid for parts to be used in the repairing of said tractor on the agreement between the plaintiffs and the defendant that the plaintiffs "would get credit for them." In the absence of any further statements to show what was meant by this agreement, we take it to mean that the defendant would credit these amounts on the plaintiffs' notes or other account with it, and there is no allegation that this was not done.

[6] The claim for $65, paid for a sod-bottom plow, for use with the engine, is not supported by sufficient allegations to warrant a recovery of this item. The allegation is that said plow is worthless to the plaintiff. there is no allegation that the plow has no market or intrinsic value, and no offer by the plaintiffs to return it to the defendant. Chatham Machine Co. v. Smith, 44 S. W. 592.

[7] The allegations of loss of profits on a plowing contract and on crops that would have been put in but for the defective condition of the tractor are, in our opinion, also insufficient. The plaintiffs, by this action, have affirmed the contract, and the action itself is for deceit, under the rule announced in George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, the plaintiffs were not entitled to recover profits that they would have made had the property been as represented, but only the positive loss sustained as a result of the wrong. Although the plaintiffs may have made a profit out of the use of the engine by plowing for other people and putting in crops for themselves, the failure of the engine to come up to the representations did not impose an actual loss, unless the plaintiffs were thereby prevented from using means which they would have otherwise employed but for the wrong, thereby obtaining the same profits. In other words, unless the plaintiffs were put in a worse position in this respect than they would have been in had they made no contract for the purchase of the tractor, they sustained no positive loss in this matter from this wrong. Williams v. Detroit Oil & Cotton Co., 52 Tex. Civ. App. 243, 114 S. W. 167; Id. 103 Tex. 75, 123 S. W. 406. The allegations only show that if the engine had been as represented the plaintiffs would have used it to do the plowing and to put in the crops, and thus make a profit out of the contract itself. They do not show that the fraudulent representations prevented the plaintiffs from otherwise making this profit. We should add, in this con-

nection, that this specific reason for the insufficiency of the allegations of the petition as to the damages discussed in this paragraph of the petition was not stated in the special exceptions to these allegations, and also that there does not appear to be any special exception to the sufficiency of the allegations in reference to the damages resulting from the failure of the plaintiffs to plant the wheat crop in the fall of the year 1916.

[8] If we are correct in the foregoing conclusions, the court was in error in sustaining the general demurrer and in dismissing the cause for want of cause of action, which judgment would be a bar to a recovery, even in a court of competent jurisdiction, of those items, as to which the plaintiff alleged a good cause of action. If the amount recoverable should be reduced by exceptions to the different items of damage alleged to an amount below the jurisdiction of the court, a proper judgment would be, after sustaining such exceptions and the refusal of plaintiff to amend, to dismiss the cause for want of jurisdiction. Under the circumstances of this case we think we should reverse and remand the cause. Reasoner v. G., C. & S. F. Ry., 203 S. W. 593; City of Tyler v. Coker, 58 Tex. Civ. App. 605, 124 S. W. 729; Western Union Telegraph Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8.