PARKER v. SOLIS et al.　(No. 7430.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 18, 1925. Rehearing Denied Dec. 9, 1925.)

1. **Appeal and error** ⬤⇒169—Court of Civil Appeals will only consider assignments properly raised that were preserved below.

Rules of good briefing require that Court of Civil Appeals shall consider only such assignments and propositions properly raised there as were preserved in court below.

2. **Fraud** ⬤⇒28—Procuring of deed from vendor's agent after agreement property should not be included constituted legal fraud.

Procuring of deed by vendee from agent of vendor to property which, after having entered into contract of sale, parties had orally agreed should not be included, held legal fraud.

3. **Fraud** ⬤⇒1—"Fraud" defined.

"Fraud" includes all omissions and concealments which involve breach of legal duty, trust, or confidence, justly reposed, which are injurious to another, or by which undue or unconscientious advantage is taken.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraud.]

4. **Fraud** ⬤⇒50—"Actual fraud" must be proved, but "constructive fraud" may be presumed.

"Actual" or positive fraud must be proved, as distinguished from "constructive fraud," which may be presumed, implied, or inferred by law, because it is sometimes mere matter of fact and sometimes conclusion of law from facts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Actual Fraud; Constructive Fraud.]

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Fraud ⟨⟩50—Fraud is often conclusion of law courts will infer from circumstances.**

Fraud is never presumed without proof, but is often a conclusion of law that courts will infer from acts and circumstances, whether existence of fraudulent purpose in strict sense be proved or not.

**6. Fraud ⟨⟩59(1)—Damages difference between contract price and market value at time of resale.**

Where no special damages were claimed for fraud of vendee in procuring deed to property, which he resold to innocent purchaser, amount of recovery is difference between contract price and selling price or actual market value at time of resale.

**7. Fraud ⟨⟩60—One who fraudulently transfers another's land is responsible for resulting injuries to owner.**

One who fraudulently transfers another's land is responsible for results injurious to owner, which must be presumed to have been within his contemplation at time of commission of fraud, and damages may be recovered for any injury, direct and natural consequence of fraud, and recovery is not limited to general damages.

**8. Fraud ⟨⟩60—Measure of damages for fraudulently procuring deed to property, stated.**

Measure of damages for fraudulently procuring deed to property and reselling to innocent purchaser *held* difference between price paid and market value at time of resale, and special damages for depreciation in balance of parcel from which property was taken, and for loss suffered by vendor in regard to dairy cows intended to be placed on property, which could not have been avoided by use of reasonable care.

**9. Appeal and error ⟨⟩1004(1)—Findings of jury as to damages, not disturbed when facts sufficient to support damages, though damages remote.**

In action by vendor for damages because of vendee's fraudulently procuring deed to property, *held* that, though damages for loss of milk from cows intended to be placed on real estate were remote, findings of jury thereon would not be disturbed where facts were sufficient to support damages.

**10. Fraud ⟨⟩66—Court must ascertain fraud in law from jury's findings.**

Where fraud is in fact one in law, it must be ascertained by court upon jury's findings of fact.

**11. Fraud ⟨⟩28—Contributory negligence of vendor not considered, where vendee had fraudulently procured deed after agreement that property would not be transferred.**

Where vendee, after agreement with vendor that certain property would not be transferred according to contract, had fraudulently procured deed from vendor's agent, question of contributory negligence of vendor could not enter into disposition of case.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suit by G. L. Solis and others against A. F. Parker. From a judgment for plaintiffs, defendant appeals. Affirmed.

Wells & Galbraith, of Brownsville, for appellant.

Graham & Graham, of Brownsville, for appellees.

COBBS, J. Appellees filed this suit against appellant A. F. Parker and A. N. Roach for the rescission of a contract for the sale of land, or in the alternative to recover damages which occurred through accident, or actual fraud perpetrated by defendants, or by one of them, on plaintiffs and their agent and attorney in fact, by incorporating a certain 4.19 acres of land in a deed.

The facts upon which the cause of action is predicated are substantially that—

"Prior to January, 1923, appellees were the owners of a certain tract of land embracing approximately 934.85 acres located in Cameron county. After some negotiations between appellees and appellant, it was mutually agreed that appellant would purchase portions of said tract of land from appellees under certain conditions and stipulations later embodied in a written contract for purchase and sale of date March 24, 1923, which contract is set out in the statement of facts, and which contract obligated the appellant to purchase at $90 per acre all the lands in the above-referred to tract, except certain deductions named in the contract, among which was 'all lands too high to be irrigated by gravity' (and in this connection it should here be stated that the 4.19 acres over which this controversy arose is not subject to irrigation by gravity, as shown by all the evidence on the trial of this cause), appellant agreeing to pay for the preparation of all deeds, releases, and other instruments necessary to be executed in making conveyance of the property, said property to be deeded and paid for in certain installments provided for in said contract.

"In contemplation of the execution of this contract of March 24, 1923, but before its execution, in order to facilitate the carrying out of its terms, appellees executed a power of attorney to one A. H. Fernandez, authorizing said Fernandez to bargain, grant, sell, and convey the above-referred to tract of land. Acting under this power of attorney, Fernandez executed the contract with appellant of date March 24, 1923, above referred to, and appellant began the carrying out of said contract; he calling upon Mr. West at Brownsville from time to time for preparation of deeds according to the contract, when Mr. West would prepare same, attach notes ready to be executed by appellant, and turn deeds and notes over to Mr. Fernandez, who would execute the deeds for appellees and then send both deeds and notes to appellant at the La Feria Bank with instructions to deliver the deeds upon execution of the notes.

"Some time after the execution of the con-

tract of March 24, 1923, it was orally agreed by and between appellant and appellee G. L. Solis that block 49, the old Solis home site, should not be taken by appellant under his contract of March 24, 1923, but that Solis could keep the same for a dairy farm, which Solis then informed appellant he was going to do, and which appellant agreed to let Solis do; block 49 being especially favorable for this purpose inasmuch as a good well of water and a good high building site was located thereon.

"After this conversation and agreement, and after Solis had contracted the purchase of a herd of dairy cattle and had placed a barn and other improvements on the 4.19 acres out of block 49, and without the consent or knowledge of G. L. Solis or any of the appellees, appellant called upon Mr. West to prepare a deed to the 4.19 acres of block 49, and Mr. West, though he knew of the oral agreement above referred to, but not remembering it at the time, prepared the deed as requested by appellant and turned the same over to Fernandez, who had never learned of said agreement to exclude the 4.19 acres from appellant's purchase contract above referred to, and in ignorance of same executed the deed to appellant and sent it to appellant as he was accustomed to do with other deeds. Whereupon appellant deeded said 4.19 acres of block 49 to one A. N. Roach.

"As soon as appellees learned of this, they endeavored to get an adjustment of the matter with appellant, by either having the 4.19 acres conveyed back to them, or by being compensated for their damages, and upon no adjustment being made, this suit was filed, wherein it was alleged that the deed from appellees to appellant of the 4.19 acres was executed 'through accident of the draftsman in preparing said deeds, or resulted from the mutual mistake on the part of these plaintiffs and those acting for them and on the part of the defendants and each of them, or that said 4.19 acres of land was incorporated in said deed through actual fraud perpetrated by the defendants or one of them on the plaintiffs and their agent and attorney in fact'; appellees seeking rescission of the deed from them to appellant or in the alternative damages."

After the trial began, the evidence developed that Fernandez had accepted payment of a portion of the purchase price of said 4.19 acres of land from A. N. Roach, who developed to be an innocent purchaser, and thus made rescission impossible. Whereupon appellees dismissed as to Roach and elected to pursue their cause in damages against the appellant, and upon trial of the cause obtained the verdict.

The case was tried with a jury upon special issues submitted by the court, and judgment was rendered against appellant in favor of appellees in accordance with the verdict of the jury.

[1] Appellant has filed numerous assignments and propositions, to many of which appellees have filed vigorous objections to our considering. We shall not pass upon them in detail and will only consider such assignments and propositions properly raised here that were preserved in the court below, for we believe this the way that the heart of the rules for good briefing tends.

Appellant's contention, tersely stated and boiled down to the multum in parvo of his case by him, is:

"Appellant contends three reasons exist why it was fundamental error for the court to enter the judgment he entered:

"(1) There can 'be no recovery in money damages in a case of mutual mistake where the rights of an innocent third party have intervened, and the parties cannot be put back in statu quo.

"(2) That appellees, by their acceptance of part of the purchase price of the land, ratified and confirmed their deed after suit was filed and were estopped to proceed in damages, or for recovery of the land itself.

"(3) Damage done, if any, which is denied, was directly caused by the negligence or omission of an agent of appellees and appellees themselves, and for that it is scarcely necessary to state appellant is not pecuniarily responsible.

"In fairness to this court, appellant should here state, and does, that practically his entire case revolves around this assignment."

While the first proposition in its general statement may be conceded, is it applicable here? While Roach was an innocent purchaser from Parker, to whom this doctrine would apply and protect, that doctrine was conceded by appellees in dismissing this case against him. That left Parker alone in the case, against whom no specific performance could be had, because he had placed himself where he could not recover by his conveyance to Roach. So then the only remedy left to appellees was one of damages for the alleged tort. Appellant was not guilty of any actionable fraud, only of fraud in law. He was a party to the sales contract. He knew that the 4.19 acres of land conveyed to him by the agents of appellees were in violation of the express agreement with appellees and contrary to his positive instructions to his attorney, West, who was selected to draw all the conveyances and notes for the sale of the land.

[2] Did the sale of the land to Parker constitute fraud or mistake? As to Parker, he knew it was no mistake; he knew he was receiving a deed to lands contrary to his intention and appellee's express instruction. If it were a mistake, he, by his conveyance to an innocent purchaser, placed it beyond the reach of appellee. Appellant was not entitled to that land or the benefits thereof. He was depriving the appellees of valuable property, and he knew it when he participated in the preparation of the papers and accepted the deed, and he knew it when the conveyance was made by him to an innocent purchaser. This constituted a legal fraud. No punitive damages are sought, only actual damages. Appellees alleged: That if said sales, transfers, and conveyances to said 4.19 acres of land so made to said A. F. Parker and to

said A. N. Roach be left standing as they now exist, it will result in depreciating the remaining 15.98 acres of said block 49 in its actual cash market value at the time said conveyances were made to the full extent of $3,000, allegation being here made that the whole of said block 49, at the time of said conveyances and with the improvements thereon as they then existed, was of the reasonable market value of $11,000.

Allegation is also made that said 4.19 acres of land standing alone, even with the improvements thereon and without being used in connection with other property adjacent thereto, was of but little value, but that as a building site and for a home to be used in connection with the remainder of said block 49, said 4.19 acres of land at the time said conveyances were made and delivered, with the improvements thereon as they then existed, was of the reasonable market value of not less than $3,000.

[3, 4] Fraud in most cases is difficult to define; it includes all the omissions and concealments which involve a breach of a legal duty, trust, or confidence, justly reposed, which are injurious to another or by which an undue and unconscientious advantage is taken of another—for which a court of equity will extend relief. "Actual or positive fraud" must be proved, as distinguished from "constructive fraud," which may be presumed, implied, or inferred by law, because it is sometimes mere matter of fact and sometimes the conclusion of law from facts.

[5] Fraud is never presumed; that is, without proof. Grover v. Wakeman, 11 Wend. (N. Y.) 187–192, 25 Am. Dec. 624; Turner v. Lambeth, 2 Tex. 365. However, it is often a conclusion of law that courts will infer, from acts and circumstances, whether the existence of a fraudulent purpose in the strict sense be proved or not. Appellant was very familiar with all the facts; he knew of what value this property was to appellees, and to what uses it was being put. It was high land that was to be improved and used for dairy purposes, and appellee was putting buildings and improvements thereon. The facts to sustain fraud in this case are not strong, but they were passed upon by the jury, and are sufficient to base their verdict upon and will not be disturbed. This suit is not predicated for recovery of damages on the ground of mutual mistake, Dolvin v. Amer. Harrow Co., 125 Ga. 699, 54 S. E. 706, 28 L. R. A. (N. S.) 785, but purely upon the question of fraud or breach of trust.

[6] Where no special damages are claimed, then the general rule for recovery in damages applies because of the fraud of the party in selling another's property without authority. It is like unto a case where one has been induced by fraud to convey or purchase property through false representations. The rule in such cases seems to be the difference between the contract price and the actual market value at time of sale, or, what is the same, at its conversion. As applicable here, it would be the difference between the contract price of $90 per acre and the price at which appellant sold the land, or its market value at the time of its sale by him.

[7] For the fraudulent transfer of another's land the defendant is responsible for those results injurious to plaintiff, which must be presumed to have been within his contemplation at the time of the commission of the fraud and to recover damages for any injury, the direct and natural consequences of his fraud, and is not limited to general damages. Webb et al. v. Emerson-Brantingham Imp. Co. (Tex. Civ. App.) 227 S. W. 499; 27 C. J. p. 87, § 228, also page 85, § 229.

[8] Appellee was entitled to recover damages in the difference between the $90 per acre, as paid by appellant for the land in controversy, and the market value of the same land sold by him to A. N. Roach, and for special damages represented by the amount that the balance of said block 49, if any, had been depreciated in value by being cut off from the portion sold; for the value of the improvements placed on said portion sold; and for the loss and extra expense suffered by appellant in regard to the dairy cows which could not have been avoided by the use of reasonable care.

The court was correct in allowing the testimony on these issues to go before the jury, and the charges of the court in submitting the same were correct propositions of law for the jury's guidance. Mitchell v. Simons (Tex. Civ. App.) 53 S. W. 76; Butler v. Anderson (Tex. Civ. App.) 107 S. W. 656; Webb v. Emerson-Brantingham Implement Co. (Tex. Civ. App.) 227 S. W. 499; 27 Corpus Juris, p. 83, § 228.

Appellant presented very many assignments and propositions, but we have taken him at his suggestion and confined this opinion mainly to the three propositions that appellant, himself, has presented as the controlling issues in the case, which have been set out in this opinion as controlling in the disposition of this case. This suit is admittedly not predicated upon mutual mistake, nor does appellee attempt to sustain it upon that ground. That element passed out of it when Roach, the vendee of appellant, was eliminated from the case with the title to the land in himself, leaving appellant to defend his alleged fraud. If there was no actual or constructive fraud flowing from his acts in the relation of trust he occupied, then there could be no recovery against him at all.

The court properly submitted no issue as to mutual mistake, because it was of no controlling influence in the case. He submitted to them no abstract question to find on actual fraud, but submitted to them to find upon the undisputed testimony as to the ques-

tion of constructive fraud, which the jury found in favor of appellees. He submitted to the jury and they found the market value of the 4.19 acres, when sold by Parker to Roach, including all the improvements, to be $1,187. They found that after appellant sold the land appellee was deprived of the use of his Jersey cows and put to extra expense, which could not have been avoided by the use of ordinary care, of feeding them at Mercedes before he could have prepared for properly taking care of them elsewhere, in the sum of $300; and that appellee was damaged in the diminished quantity of milk, which could not be avoided by the use of ordinary care before he could move his cows from Mercedes to some other suitable place, in the sum of $200.

[9] We are very much in doubt as to whether or not the loss of milk from his cows and the cost of caring for the cows in both issues Nos. 5 and 6 submitted to the jury are too remote and speculative. Such damages are hardly to have been considered as contemplated within the minds of the parties at the time. But as the issues were submitted to the jury in legal form for a finding, and there were facts sufficient to support the damages, we will not disturb the findings.

Appellant says "there is a paucity of authority at the head of this argument," and we find ourselves in full accord and agreeing with him, since there was no authority in point cited.

[10] Fraud is always the basis of punitive action, but the fraud here is in fact one in law and, such being the case, is for the court to ascertain from the jury's finding of the facts. It is one of construction for the court's action, for it is wholly lacking in the malum in se.

[11] The negligence shown, if any, on the part of appellees, complained of by appellant, is such in this case as cannot relieve the appellant from his wrongful selling of the land. The question of contributory negligence, if any, cannot enter in the disposition of this case. Appellee trusted appellant to mark off the 4.19 acres and exclude it from sale, and he relied on appellant's promise to do so. West, the attorney, was constituted by both parties to prepare deeds when the appellant furnished the data. It is true West had the same information appellant had, and drew the deed as appellant instructed him to do. West forgot the instruction when he drew the deed under appellant's direct instruction.

We think the court's charge fully covered every legal issue, and having carefully considered every issue presented by the many special issues submitted by appellant, where not sufficiently covered by the court's charges, hold they are without merit.

Using appellant's language, we think there is a "paucity" of authority cited in point by either party on the main issues involved in this case.

Finding no reversible error assigned, the judgment of the trial court is affirmed.