**EL PASO CONSTRUCTION COMPANY and Farah Manufacturing Company, Inc., Appellants,**

v.

**James L. REID and E. H. Baeza et al., Appellees.**

**No. 6194.**

Court of Civil Appeals of Texas, El Paso.

March 29, 1972.

As Amended on Denial of Rehearing May 17, 1972.

Edwards, Belk, Hunter & Kerr, Frank Hunter, Kemp, Smith, White, Duncan & Hammond, William Duncan, Peticolas, Luscombe, Stephens & Windle, W. C. Peticolas, Wayne Windle, Jr., El Paso, for appellants.

Mayfield, Broaddus & Perrenot, Francis C. Broaddus, Jr., Hardie, Grambling, Sims & Galatzan, Morris A. Galatzan, El Paso, for appellees.

# 16

## OPINION

PRESLAR, Justice.

This is an appeal from a judgment in favor of Plaintiffs-Appellees, James L. Reid and E. H. Baeza, against Appellants-Defendants, El Paso Construction Company and Farah Manufacturing Company, Inc., hereafter referred to as "Farah." Plaintiffs, who had purchased land from El Paso Construction Company, sued on the theory that there had been fraudulent concealment of material facts by El Paso Construction Company in regard to the drainage situation on the land in question. Farah was sued on the theory that it had unlawfully diverted water from its natural course. El Paso Construction Company brought a cross-claim against Farah, who, in turn, brought a third party action against Kistenmacher Engineering Company, Inc., and George Kistenmacher, Individually, hereafter referred to as "Kistenmacher" Kistenmacher filed special exceptions to the pleadings of Farah, alleging the defense of a two and ten year statute of limitations. Both special exceptions were granted by the trial Court prior to trial and the presentation of any evidence, and Kistenmacher was dismissed from the case. We hold the trial Court was in error in dismissing Kistenmacher from the case.

As indicated, the suit against Farah was for damage to the land of another caused by the diversion of water from its natural course in the construction of the Farah manufacturing plant. This plant lies to the North of the freeway, I–10, and the damaged property was immediately South of the freeway, and the natural flow of the water was from North to South. A three-pipe culvert allowed water to drain under the freeway, and Kistenmacher designed a drainage system across the damaged property which connected with the culvert under the freeway. This was done for El Paso Construction Company. Farah alleged that design to be negligent, and a proximate cause of any damage. In another count against Kistenmacher, Farah alleges that it employed Kistenmacher to assist it in the construction of its plant and that he prepared contour maps reflecting the drainage above the culvert, and was negligent in not informing Farah of the negligently designed drainage facility, and that such negligence was a proximate cause of any damage. Farah pleaded that such employment was during the years 1964, 1965, and 1966, but that it had no knowledge of the faulty design until July, 1967. This suit was brought against Farah in 1969 and soon thereafter it brought Kistenmacher into the case on November 20, 1969. Kistenmacher excepted to Farah's pleading on the basis that they show on their face that the two and ten year statute of limitations had run. The trial Court sustained the exceptions and dismissed Kistenmacher from the suit prior to the trial. The trial Court apparently relied on Farah's pleading of knowledge of the negligent design as of July, 1967, as being the time of accrual of its cause of action as to the two year statute of limitations. This, we believe, was error.

The problem is to determine when Farah's cause of action accrued, for it is at that time that the two year statute of limitations began to run. Art. 5526, Vernon's Ann.Tex.Civ.St. We hold that Farah's cause of action is not shown to have accrued by its pleading of knowledge of the negligent design of the drainage system as of July, 1967. Under the holding of the Texas Supreme Court in Atkins v. Crosland, 417 S.W.2d 150, 26 A.L.R.3d 1431 (1967), the cause of action did not accrue prior to the time suit was commenced against Farah, in our opinion. In that case, the plaintiff sued an accountant alleging negligence in the preparation of plaintiff's income tax returns which resulted in a larger tax liability. The trial Court granted a summary judgment for the defendant accountant on the grounds that the acts of negligence occurred more than two years prior to commencement of the suit. The plaintiff contended that limita-

tions did not begin to run until he paid the taxes; in the alternative, he argued that limitations did not begin to run until he was assessed the excess tax by the Internal Revenue Service. The Supreme Court held that the tort was completed, the cause of action accrued, and limitations began to run when the excess tax was assessed. In the case before us, the tort was not complete in July, 1967. At that time, Farah had knowledge that the engineer it employed had been negligent in his work, but at that time, it had suffered no injury, the tort was not complete, and it had no cause of action. Farah's cause of action had not accrued in 1967. We think Farah is in the same position as the taxpayer in Atkins v. Crosland. It has been called upon to respond for damages for diverting water onto the land of another, it relied on its engineer, as the taxpayer relied on his accountant, and Farah is entitled to relief from the harm if it is the fault of the engineer. When that fault produced injury to Farah, its cause of action accrued. The injury to Farah occurred when suit was filed against it, at the earliest, if not when judgment was rendered against it. Which of the two is immaterial for our purposes here. The important thing is that prior to suit Farah had suffered no legal injury, which is essential for a cause of action to arise. As said in Atkins v. Crosland:

"A legal injury must be sustained, of course, before a cause of action arises. It is said in 34 Am.Jur. Limitations of Actions § 160, p. 126:

'As regards the running of the statute of limitations applicable to torts, a cause of action accrues only when the force wrongfully put in motion produces the injury, the invasion of personal or property rights accruing at that time.' * * *

" * * * A helpful and often quoted test for determining when the cause of action accrues is found in 54 C.J.S. Limitations of Actions § 168, pp. 122–123:

'The test to determine when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage does or does not of itself constitute a legal injury, that is, an injury giving rise to a cause of action because it is an invasion of some right of plaintiff. If the act is of itself not unlawful in this sense, and plaintiff sues to recover damages subsequently accruing from, and consequent on, the act, the cause of action accrues, and the statute begins to run, when, and only when, the damages are sustained; and this is true although at the time the act is done it is apparent that injury will inevitably result.' "

Turning then to the facts before it, the Court then reasoned:

" . . . . we have concluded that the plaintiff's cause of action did not arise until the tax deficiency was assessed by the Commissioner of Internal Revenue. Prior to assessment the plaintiff had not been injured. That is, assessment was the factor essential to consummate the wrong—only then was the tort complained of completed. If a deficiency had never been assessed, the plaintiff would not have been harmed and therefore would have had no cause of action."

And so it is in the case before us. Farah's cause of action did not arise until the suit was brought against it by the injured third party. Prior to suit it had not been injured—the alleged negligence did no damage to Farah. Suit was the factor essential to consummate the wrong. If suit had never been brought against Farah, it would not have been harmed and therefore would have had no cause of action.

Having determined that the Court erred in its application of the two year statute of limitations to the second count of Farah's petition against Kistenmacher, we see no need to discuss the first count involving

the alleged negligent design of the work done for El Paso Construction Company. That involves a new ten-year statute of limitations for actions against architects and engineers, Art. 5536a, V.A.T.C.S., and it became effective September 1, 1969. We will note, however, that the Act was passed by the Legislature as an emergency measure in 1969, the emergency being declared to be the fact that there exists no statute of limitations for architects or engineers as to liability for their acts of "performing or furnishing any design, plans," etc. This legislative pronouncement·strengthens our belief as to the correctness of our holding in this case.

Since the original Plaintiffs and El Paso Construction Company were both seeking to recover from Farah, it is necessary to remand the entire cause. The judgment of the trial Court is reversed and the cause is remanded to that Court.

### ON MOTION FOR REHEARING

 Appellees Reid and Baeza have filed a request that this Court make findings of fact and conclusions of law. Courts of Civil Appeals have no authority to find facts in the first instance. Facts can only be found by the trier of facts, either the trial Judge or the jury in the trial Court. Courts of Civil Appeals, being reviewing Courts, review the evidence offered in support of the facts found by the trier of facts. Our determination of this case was based on a ruling made before any evidence was produced. Hence, no facts were presented for review. Our conclusions of law appear in the opinion.

■ Appellees urge that the entire cause should not be reversed, that they should be allowed to keep their judgment while Farah seeks relief against Kistenmacher, and that their judgment is separate and independent from the cause of action asserted by Farah against Kistenmacher. This does not take into account the relief sought by Farah and the case pleaded by it. Farah

denied liability, and it specifically plead that Kistenmacher was the party responsible, pleaded specific acts of negligence on the ·part of Kistenmacher, and "That each of said acts as above set forth constitutes negligence and proximate cause of the injury and damage to the Plaintiffs, if any." If Farah had been permitted to go to trial on that and been successful, then the plaintiffs' judgment would have been against Kistenmacher, and Farah would have gone out of the case.

■ Appellees also contend that the statute of limitations did not begin to run until judgment was obtained against Farah. The question presented to this Court, and the only one we could decide, was whether or not the statute had run at the time the trial Court ruled that it had. The burden of proof rests on the party asserting limitations. Since the trial Court's decision was based on the pleadings, the ruling would be incorrect unless limitations is established on the face of the pleadings of the party against whom limitations was claimed.

We adhere to our original holding. The amended motion for rehearing is overruled.