James L. **REID** et al., Petitioners,

v.

**EL PASO CONSTRUCTION COM-
PANY et al., Respondents.**

No. B–3478.

Supreme Court of Texas.

April 11, 1973.

Rehearing Denied July 25, 1973.

Mayfield, Broaddus & Perrenot, Francis C. Broaddus, Jr., and Ellis O. Mayfield, Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, William T. Kirk, El Paso, for petitioners.

Edwards, Belk, Hunter & Kerr, Frank H. Hunter, Peticolas, Luscombe, Stephens & Windle, W. C. Peticolas, Kemp, Smith, White, Duncan & Hammond, William B. Duncan, El Paso, for respondents.

POPE, Justice.

Writ of error was granted in this case because we held the tentative view that the court of civil appeals, instead of reversing the whole judgment of the trial court and remanding the whole cause, should have made final disposition as to some of the causes and parties and severed and remanded as to others. 480 S.W.2d 15. Our further study of the case convinces us that this should be the correct disposition of the appeal, which consists of three sets of parties with different causes of action involved in each set.

James L. Reid and E. H. Baeza instituted this action against El Paso Construction Company and Farah Manufacturing Co., Inc. We shall first discuss this part of the case. The plaintiffs alleged in one court

that defendant El Paso Construction Company, hereinafter called El Paso, fraudulently concealed material facts concerning three tracts of land that El Paso sold to plaintiffs in 1965 and 1967. These three tracts were located on the south side of Interstate 10 in El Paso, Texas. The plaintiffs alleged that El Paso, before selling the tracts, filled a natural drainage ditch, installed drainage pipes connected to three large conduits under Interstate 10, and then covered over all the evidence of this altered condition of the natural drainage. Plaintiffs alleged that they learned of this unnatural condition only after heavy rains in July, 1968, caused flooding and serious damage to their property.

The trial court rendered judgment on a jury verdict for the plaintiffs, Reid and Baeza, for the sum of $42,978.40 against El Paso on their claim for damages by reason of El Paso's fraudulent concealment. El Paso appealed and preserved a number of points, but the court of civil appeals did not reach any of them. The court of civil appeals reversed the whole judgment of the trial court and remanded the cause to the trial court. In our opinion the court of civil appeals should have reversed the judgment of the trial court and rendered judgment that plaintiffs take nothing on their claim for the fraudulent concealment action against El Paso.

El Paso objected at the trial to plaintiffs' proof of profits which plaintiffs say they lost by reason of El Paso's fraudulent concealment of the facts about the underground drainage. In our opinion the proof of lost profits was too remote, uncertain and conjectural to support the judgment. The proof is that plaintiff Reid bought one vacant tract in 1965 and that Baeza, Inc., bought a second vacant tract later that same year. They built sixty apartment units on those two tracts. In October, 1967, Reid and Baeza, who were then operating as partners, bought the third tract which was vacant. Shortly after their purchase, the owners deeded all three tracts to Feinberg Realty Company. After the water

damage, Feinberg deeded the land back to the owners.

■ Reid and Baeza claimed that they lost the profits they would have earned in building thirty apartment units for their purchaser, Feinberg. There was no evidence that El Paso was aware of any negotiations about a collateral building agreement by which plaintiffs would build thirty apartment units on the vacant tract for Feinberg. Plaintiffs and Feinberg had orally arrived at the terms for such a construction agreement, but it had not yet been reduced to written form. While there is evidence that El Paso knew plaintiffs intended to sell all three tracts to Feinberg, there is no evidence that El Paso knew or had any reason to know about an agreement by which plaintiffs intended to or had a contract to erect apartment units on the vacant lot under a building contract with Feinberg. C. McCormick, Damages § 122, at 459, 460 (1935). We regard plaintiffs' proof of lost profits arising out of the unexecuted collateral contract to build the apartment units for their purchaser as remote, contingent and too uncertain. El Paso Development Company v. Ravel, 339 S.W.2d 360 (Tex.Civ.App.1960, writ ref'd n. r. e.) ; Parker v. Solis, 277 S.W. 714, 717 (Tex.Civ.App.1925, writ dism'd) ; 37 Am. Jur.2d Fraud and Deceit § 343 (1968) ; 37 C.J.S. Fraud § 141b (1943).

Plaintiffs also asserted an action against El Paso and Farah Manufacturing Co., Inc., for damages caused by unlawful diversion of water from its natural course in violation of article 7589a Vernon's Ann. Tex.Civ.St. The basis for the action against Farah was that in 1967 Farah had commenced the construction of a large plant located on property on the north side of Interstate 10, and directly across from plaintiff's property, and in doing so, leveled the ground covering several natural arroyos which served as drainage channels in such a way as to direct all of the flow of waters on the north of Interstate 10 through the conduits beneath Interstate 10. The basis for the action against El Paso was that it had violated article 7589a by attaching extension pipes to the conduits and providing a new and artificial drainway for flood waters without authorization from the State.

■■ On this part of plaintiffs' action, the trial court rendered a joint and several judgment against El Paso and Farah in the sum of $17,500 for their violation of article 7589a in diverting the water from its natural course in such a manner as to damage the property of another. The jury made findings that both El Paso and Farah diverted water from its natural flow and refused to find, as urged by El Paso, that Farah's diversion was the sole proximate cause of the damage to plaintiffs' lot. The joint and several judgment therefore was a correct one unless there is merit in El Paso's other point that the court improperly admitted the deposition of George Kistenmacher in a related case in violation of Rule 213 Texas Rules of Civil Procedure. We find that the deposition testimony was largely repetitive of testimony given by Kistenmacher in the trial of this case and that the error was harmless. We accordingly conclude that the plaintiffs' joint and several judgment against El Paso and Farah should be affirmed.

Farah asserted a third-party action against Kistenmacher Engineering Company, Inc., and George Kistenmacher individually. Farah's third-party pleading first alleged, by way of defense to plaintiffs' and El Paso's actions against it, that the Kistenmachers were solely responsible for any damage suffered by plaintiffs. Farah alleged that the Kistenmachers negligently designed the drainage system. In 1959, El Paso had employed the Kistenmachers to design the system on the south side of Interstate 10. Farah also asserted an affirmative action against the Kistenmachers. Farah had employed the Kistenmachers to provide site studies for use in the construction of the Farah plant, and Farah alleged that they failed to advise it of the earlier faulty design on the south.

The trial court sustained the Kisten- machers' plea that Farah's action was barred by limitations, and upon Farah's re- fusal to amend, the trial court dismissed Farah's third-party suit. Farah appealed the judgment as to Kistenmacher Engi- neering Company, Inc., but not as to George Kistenmacher individually. The court of civil appeals considered only this phase of this appeal, and upon concluding that the trial court erroneously sustained the plea of limitations, reversed the case as to all actions and all parties.

■ On motion for rehearing the court of civil appeals wrote that Farah should have been permitted to try its actions against Kistenmacher Engineering and if Farah had been successful in that action, plaintiffs Reid and Baeza would not have obtained a judgment against Farah, be- cause their judgment would have been against Kistenmacher Engineering instead. That holding is an erroneous one. Reid and Baeza sued El Paso and Farah, but they asserted no action against Kisten- macher Engineering and did not name ei- ther Kistenmacher Engineering or George Kistenmacher as defendants. Moreover, the action which Reid and Baeza asserted against Farah was different from that as- serted by Farah against Kistenmacher En- gineering. Reid and Baeza's suit against Farah was for wrongful diversion of wa- ter. Farah's suit against Kistenmacher Engineering was for damages for negligent design of the engineering work done for El Paso on the south side of Interstate 10 in 1959 and for failure to inform Farah of the underground drainage system.

■ Farah defended against plaintiffs' suit by alleging that Kistenmacher's negli- gent design was the sole cause of the dam- ages on the theory that a finding in sup- port of that pleading would have defeated plaintiffs' right to a judgment against Far- ah. Since Farah did not request an issue on its pleaded defense to plaintiffs' action, it waived that defense. 3 R. McDonald, Texas Civil Practice § 12.32.2 (Rev. ed. 1970).

The suit by Reid and Baeza against El Paso and Farah has been fully tried as well as El Paso's unsuccessful cross-claim against Farah. The trial court's dismissal of Farah's action against Kistenmacher Engineering, for the reasons stated by the court of civil appeals was erroneous, but the trial of that action upon remand does not require the reversal of the whole judg- ment of the trial court. Dallas Railway & Terminal Co. v. Gossett, 156 Tex. 252, 294 S.W.2d 377 (1956); Rule 434, T.R.C.P.

We reverse that part of the judgment of the trial court which orders that plaintiffs recover against El Paso for lost profits, as well as the judgment of the court of civil appeals which ordered a remand of that part of the cause. We render judgment that plaintiffs take nothing on that part of their action against El Paso. We reverse that part of the judgment of the court of civil appeals which ordered a remand of plaintiffs' joint and several cause of action against El Paso and Farah, and we affirm the judgment of the trial court that plain- tiffs recover against El Paso and Farah jointly and severally, the sum of $17,500. We affirm that part of the judgment of the court of civil appeals which reverses the trial court's order dismissing Farah's third-party action against Kistenmacher Engineering and which remands that ac- tion for trial. We sever Farah's third-par- ty action from the other portions of this cause of action, and remand that severed cause of action to the trial court. Costs are adjudged equally against plaintiffs, El Paso, Farah, and Kistenmacher Engineer- ing.